UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YOTAM MAROM, MIRIAM ROCEK, and DON
FITGERALD,

                              Plaintiffs,                    15-cv-2017 (PKC)

          -against-                                         MEMORANDUM
                                                            AND ORDER

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT ("NYPD") CHIEF OF
DEPARTMENT JOSEPH ESPOSITO, NYPD
DEPUTY INSPECTOR EDWARD WINSKI,
NYPD LIEUTENANT FRANK VIVIANO,
NYPD SERGEANT FIOR BLANCO, NYPD
LEGAL BUREAU OFFICER OLEG
CHARNYAVSKY, NYPD OFFICER MICHAEL
GALGANO, SHIELD NO. 2671, NYPD
OFFICER CYNTHIA BOYLE, SHIELD NO.
6663, NYPD OFFICER STEVEN VALENTINE,
SHIELD NO. 13585, and NYPD OFFICERS
JOHN and JANE DOE #1-15,

                              Defendants.
------------------------------------------------------------x

CASTEL, District Judge:

          Plaintiffs bring this action against various defendants in connection with

plaintiffs' March 2012 arrests in connection with the Occupy Wall Street protests in Zuccotti

Park.  On November 22, 2016, plaintiffs moved to compel the discovery of certain non-party

arrest processing information, including Online Booking System ("OLBS") Arrest Reports,

Online Prisoner Arraignment System ("OLPA") Reports, as well as the memo book entries of

certain officers of the New York City Police Department ("NYPD"), which contain notes of their

observations and actions.  (Dkt. 81.)  By order dated November 30, 2016, ("November 30, 2016

Order") Magistrate Judge Sarah Netburn granted plaintiffs' request in full.  (Dkt. 86.)

Defendants have moved pursuant to Rule 72(a), Fed. R. Civ. P., to set aside the November 30, 2016 Order. (Dkt. 90.) For reasons to be explained, the Court declines to modify or set aside the Magistrate Judge's Order because it is not clearly erroneous or contrary to law.

PROCEDURAL HISTORY

Plaintiffs Yotam Marom, Miriam Rocek, and Don Fitzgerald brought this action against the City of New York, eight named individual defendants employed by the NYPD, and 15 unnamed individual NYPD Officers (Officers John and Jane Doe #1-15), asserting nine claims under 42 U.S.C § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments. Plaintiffs alleged in their complaint that certain rights of theirs were violated in connection with their participation in a protest in Zuccotti Park marking the six-month anniversary of the Occupy Wall Street movement. Plaintiffs alleged that they were falsely arrested, subjected to excessive use of force, excessive detention, and malicious abuse of process, prevented from exercising their First Amendment rights, deprived of their rights to a fair trial, and denied the equal protection of the laws. By an order of this Court dated March 7, 2016, plaintiffs' claims were dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief could be granted, except for Marom's, and Rocek's false arrest, First Amendment retaliation, and certain failure to intervene claims, and Fitzgerald's claim of excessive force. (Dkt. 48.) By order of this Court dated July 29, 2016, the Court reinstated plaintiffs' fair trial claims. (Dkt. 66.)

This action was referred to Magistrate Judge Netburn for general pretrial supervision. Plaintiffs moved to compel the discovery of certain non-party arrest processing information, including OLBS Arrest Reports, OLPA Reports, and the memo book entries of

certain NYPD officers.  Magistrate Judge Netburn granted plaintiffs' request and defendants objected to this ruling.

FACTUAL BACKGROUND

As part of NYPD arrest processing, an OLBS Arrest Report is created for each arrest.  (Pl.'s Mem. in Opp., January 2, 2017, Dkt. 93 ("Pl.'s Opp.") at 11.)  An OLBS Arrest Report is a standardized NYPD form filled out electronically that includes a "DETAILS" section in which an officer sets forth a statement of facts regarding the conduct underlying the arrest, a field in which an officer indicates whether force was used during the arrest, and fields identifying other personnel who assisted in creating the Report.  (Id.)  When the officer filling out an OLBS Arrest Report is not the officer who observed the unlawful conduct for which the arrest was made, that officer must indicate that they were informed by an observing officer of the facts set forth in the Report.  (Id. at 12.)

OLPA Reports are digitally accessible documents that reflect the arrest processing steps an NYPD officer makes, listing the times and locations at which these steps were taken, and including such information as custody time, arraignment time, arraignment status, and lodging status/history.  (Pl.'s November 22, 2016 Letter, Dkt. 81 at 4; Dkt. 81-2.)

DISCUSSION

In reviewing a non-dispositive order of a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Rule 72(a), Fed. R. Civ. P.; see also 28 U.S.C. § 636(b)(1)(A) (a district court does not disturb a magistrate judge's rulings on non-dispositive matters unless they are "clearly erroneous or contrary to law").

Defendants argue that the materials sought by plaintiffs are irrelevant, and thus Magistrate Judge Netburn misapplied Rule 26(b), Fed. R. Civ. P. (Pl.'s Rule 72 Motion, December 12, 2016, Dkt. 90 ("Pl.'s R. 72") at 5-6.) Rule 26(b)(1), Fed. R. Civ. P., states that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendants argue that, because plaintiffs have admitted to taking actions that constitute probable cause for arrest, nothing in the materials sought advance either plaintiffs' false arrest or fair trial claims. (Pl.'s R. 72 at 4-5.)

Defendants' argument lacks merit. The existence of probable cause to arrest is not dispositive of a fair trial claim. See Garnett v. Undercover Officer C0039, 838 F.3d 265, 280 (2d Cir. 2016); Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 129-30 (2d Cir. 1997). "[E]ven if there is probable cause to arrest a defendant, an officer who subsequently fabricates that defendant's confession 'and forwards that information to prosecutors . . . violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.'" Garnett, 838 F.3d at 268 (quoting Ricciuti, 124 F.3d at 130) (omission in original). The same applies to fabrications regarding an officer's observation of alleged criminal activity. Id. at 274 ("[A] Section 1983 plaintiff may sue for denial of the right to a fair trial based on a police officer's fabrication of information . . . when the information fabricated is the officer's own account of his or her observations of alleged criminal activity, which he or she then conveys to a prosecutor.")

Plaintiffs argue that the OLBS Arrest Reports, OLPA Reports, and the memo book entries are relevant to the inquiry into whether the arresting documents were prepared or signed by officers or supervisors who had no personal knowledge of the facts pertinent to the charges for arrest and whether some or all of the arrestees were detained on the basis of identically worded allegations, which would suggest that at least some of the documents contained inaccurate information.  (Pl.'s Opp. at 4-5.)

The Court finds that Magistrate Judge Netburn's order was not clearly erroneous or contrary to law.  The documents plaintiffs seek are relevant to at least their fair trial claims.  Magistrate Judge Netburn's determination that defendants' production of the documents would not be disproportionate or unduly burdensome was reasonable.  Further, as Magistrate Judge Netburn correctly noted, "there is no conflict [here] between the federal discovery standard and [New York Crim. Proc. Law § 160.50], as Plaintiffs have expressly consented to the redaction of all personally identifying information except arrest numbers on all of the documents sought."  (November 30, 2016 Order at 3.)

Finally, Magistrate Judge Netburn's determination that the Mass Arrest Report was relevant, and her order that defendants' produce this report subject to her described redactions, were not clearly erroneous or contrary to law.

CONCLUSION

For the foregoing reasons, the motion to set aside or modify the Magistrate

Judge's Order of November 30, 2016 is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 21, 2017