**Gideon Orion Oliver**
**Attorney at Law**
277 Broadway, Suite 1501
New York, New York 10007

(646) 263-3495 (phone)                                  Gideon@GideonLaw.com*
(646) 349-2914 (fax)*                                              *Not for service

June 22, 2017

**BY ECF**
Hon. Sarah Netburn - United States Magistrate Judge
United States District Court - Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:     _Marom, et al. v. Blanco, et al.,_ 15 Civ. 2017 (PKC)(SN)

Your Honor:

I am counsel for Plaintiffs in the above-captioned matter. I write to request a pre-motion conference regarding the following proposed applications:

1.  An application to substitute deceased Plaintiff Don Fitzgerald's father, Jay Fitzgerald, who has recently been appointed as Administrator of Plaintiff Don Fitzgerald's Estate, as a party in place of Plaintiff Don Fitzgerald, pursuant to Fed.R.Civ.P. 25(a)(1)[1]; and

2.  An application for leave to amend the operative pleading to substitute NYPD Legal Bureau Attorneys retired Lt. Daniel Albano and Det. Kenneth O'Donell as Defendants in place of the incorrectly named, current Defendant NYPD Legal Bureau attorney, Oleg Chernyavsky, pursuant to Fed.R.Civ.P. 15(a)(2)[2], Fed.R.Civ.P. 21[3], and/or Fed.R.Civ.P. 15(c)(1)(A) and Fed.R.Civ.P. 15(c)(1)(C)[4],

---

[1]     In relevant part, Fed.R.Civ.P. 25(a)(1) provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.…"

[2]     Under Fed.R.Civ.P. 15(a)(2), "a party may amend its pleading … with … the court's leave. The court should freely give leave when justice so requires."

[3]     Under Fed.R.Civ.P. 21, in pertinent part, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party....."

[4]     Under Fed.R.Civ.P. 15(c)(1)(A) and 15(c)(1)(C), "An amendment to a pleading relates back to the date of the original pleading when:…(a) the law that provides the applicable statute of limitations allows reliation back…[or]…(c) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Fed.R.Civ.P. 15(c)(1)(B) allows amendments to relate back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

to be followed by an application for leave to serve the amended operative pleading on them by a reasonable date certain pursuant to Fed.R.Civ.P. 4(m)[5].

The parties discussed these proposed applications on June 22, 2017. Defendants consent to the first application and oppose the second. From Plaintiffs' perspective, these represent the final outstanding matters in the case, aside from summary judgment briefing. Judge Castel indicated that the Court will entertain a pre-motion conference request regarding summary judgment briefing once these matters are resolved. The next case management conference before Judge Castel is scheduled for September 5, 2017 at 12:30PM.

1. **On Plaintiffs' proposed application to substitute Jay Fitzgerald, as Administrator for the Estate of Don Clark Fitzgerald, for Plaintiff Don Fitzgerald pursuant to Fed.R.Civ.P. 25(a)(1).**

On November 7, 2016, Plaintiff Don Fitzgerald died suddenly and unexpectedly. Pursuant to New York's "survival statute," his claims survive his death. *See* New York E.P.T.L. § 11-3.2 (b). In cases such as these where a party dies and the claims are not extinguished, Fed.R.Civ.P. 25(a)(1) provides for substitution of the representative of an Estate in place of the deceased party. However, unless and until an Estate is created, no application to substitute the Estate for the party can be made, because there is no proper entity to be substituted.

When Mr. Fitzgerald died, Plaintiffs' counsel promptly informed defense counsel. Discovery in this case was ongoing.. On November 23, 2016, counsel filed a document styled as a Suggestion of Death pursuant to Fed.R.Civ.P. 25(a)(1). (Dkt. No. 84). Discovery in the case moved forward and was completed (with few exceptions not relevant here) in January of 2017. Also in November of 2016, Mr. Fitzgerald's father, Jay Fitzgerald, filed a petition with the New York Surrogate's Court, Queens County, to be appointed as Administrator for Mr. Fitzgerald's Estate. Upon information and belief, Jay Fitzgerald filed to have the Estate created promptly and followed up on creating the Estate in order to move the process forward as quickly as he could. As that process was ongoing, Plaintiffs' counsel kept the Court and opposing counsel updated as to its progress.[6] Mr. Fitzgerald was finally appointed the Administrator of the Estate on May 1, 2017. Mr. Fitzgerald recently provided copies of the Decree Appointing Administrator and related documents to counsel.

---

[5] Under the version of Fed.R.Civ.P. 4(m) in effect at the time the case was filed, if service had not been completed on a defendant within 120 days of the filing of the complaint, the Court was to dismiss the action or order that service be made within a specific time period, on notice to the plaintiff, either on its own or on motion. That time period has since been reduced to 90 days. Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

[6] For example, in a joint status letter to the Court on November 30, 2016 (Dkt. No. 88), Plaintiffs' counsel noted that "[c]reation of the Estate for Plaintiff Fitzgerald and amendment of the pleadings to substitute the Estate as a party" was among the issues to be resolved in the case. Additionally, on January 10, 2017, counsel reported to the Court that the "necessary steps to form the required Estate to substitute in place of Mr. Fitzgerald as a party" were underway. (Dkt. No. 94). Next, in Plaintiffs' March 16, 2017 letter-response to an application by Defendants to move for summary judgment, Plaintiffs' counsel wrote that the formation of the Estate was still in process. That letter-response preceded and formed the basis of the discussions with the Court during the April 7, 2017 pretrial conference before Judge Castel.

Against that backdrop, and given the status of the case, the proposed substitution will not work any prejudice on Defendants. Discovery has already been completed. The only post-discovery delays in this case related to the proposed substitution were created by circumstances beyond the control of counsel and the parties – chief among them the delay of the Queens County Surrogate's Court in appointing Mr. Fitzgerald as administrator of his son's Estate. Until the appointment of a representative of Mr. Fitzgerald's Estate, counsel for Mr. Fitzgerald had no client on whose behalf to act, and clearly could not make an application to substitute in the Estate, an entity that did not yet exist, as a party. Additionally, Defendants do not oppose the proposed application.

Based on the foregoing, Plaintiffs request a pre-motion conference (if necessary) regarding their proposed application pursuant to Fed.R.Civ.P. 25(a)(1) to substitute Jay Fitzgerald, as Administrator for the Estate of Don Clark Fitzgerald, for Plaintiff Don Fitzgerald.

**2. On Plaintiffs' proposed applications for leave to amend the operative pleading pursuant to Fed.R.Civ.P. 15 and 21 to substitute NYPD Legal Bureau Attorney Defendants Daniel Albano and Kenneth O'Donnell in place of Oleg Chernyavsky and for leave to serve them with the amended pleading pursuant to Fed.R.Civ.P. 4(m).**

The "veritable saga that plaintiffs undertook" to learn the identity of the NYPD Legal Bureau attorney who assisted in processing Plaintiffs' arrests on March 17-18, 2012 (*see* Dkt. No. 95) is amply documented in the record.[7]

To summary briefly for purposes of this application, however, based on the sworn representations of Defendant Blanco in the related *Caralvaho v. City of New York,* 13-cv-4174 (PKC)(MJD) provided in response to an unequivocal order from Judge Dolinger to identify that NYPD Legal Bureau attorney (*see, e.g.,* Dkt. No. 85 at pp. 2-14), the Complaint (Dkt. No. 1) and the later-filed First Amended Complaint (Dkt. No. 21, the "FAC") name NYPD Legal Bureau attorney Oleg Chernyavsky (sued as Oleg Charnyavsky) as that Defendant who was involved in violating Plaintiffs' fair trial rights based on his role in connection with assisting in and/or supervising in the creation of arrest processing paperwork related to Plaintiffs' arrests on March 17-18, 2012. *See, e.g.,* FAC Paragraphs 12, 14-15, 114, 116-117, 119-122, 124-126, 128, 130, and 138 (describing NYPD Legal Bureau attorney role).

In an August 2015 motion to dismiss the FAC, Defendants represented that Defendant Chernyavsky "was actually off-duty at the time." Although *Caravalho* was still then pending, Defendants did not supplement their discovery responses, or response to Judge Dolinger's identification order. *See, e.g.,* Dkt. No. 85 at p. 5.

---

[7]     Among other places, it is summarized at Dkt. Nos. 73 at p. 5, 85 (seeking "an order compelling Defendants to identify the NYPD Legal Bureau attorney" and "leave to file an application to amend the First Amended Complaint in this matter to substitute that attorney" and including numerous exhibits), the transcript of the November 1, 2016 discovery hearing, Dkt. Nos. 87-89, 94 at pp. 4-5, 95 (Order scheduling "Discovery Conference Regarding Continued Failure to Identify NYPD Legal Bureau Supervisor"), as well as in the transcript of the January 19, 2017 discovery hearing.

On July 27, 2016, the Court issued a Memorandum and Order on Reconsideration reinstating Plaintiffs' fair trial claims and other claims arising from the fair trial violations alleged in the FAC against a number of Defendants, including Defendant Chernyavsky. (Dkt. No. 66, reconsidering Dkt. No. 48). Following that Memorandum and Order, from Plaintiffs' perspective, Defendants resisted Plaintiffs' efforts to confirm, through Requests for Admissions, that Defendant Chernyavsky was, in fact, the NYPD Legal Bureau attorney who assisted in processing Plaintiffs' arrests.

On November 22, 2016, following pre-motion conference letters and other efforts from Plaintiffs' counsel as well as another order from the Court, defense counsel represented that Defendant Chernyavsky was not the NYPD Legal Bureau attorney who assisted with Plaintiffs' arrests. Defendants then took the position that defense counsel's 2014-2015 identifications of Defendant Chernyavsky in *Caravalho* and since then had been mistaken.

After further efforts from Plaintiffs' counsel and following further Court order, Defendants took the position that they could not identify the NYPD Legal Bureau attorney who assisted with Plaintiffs' arrests, but that they had narrowed the search down to one of two possibilities – retired NYPD Legal Bureau Lt. Daniel Albano or Det. Kenneth O'Donnell. The Court then granted a discovery conference to address the sufficiency of Defendants' efforts to comply with the Court's discovery orders and to identify the proper NYPD Legal Bureau attorney. At that conference on January 19, 2017, non-party Det. O'Donnell testified in sum and substance that he could not recall whether he assisted in processing Plaintiffs' arrests on March 17-18, 2012. Det. O'Donnell's deposition took place on January 20, 2017.[8] Det. O'Donnell could not rule out that either he or Lt. Albano assisted in processing Plaintiffs' arrests on March 18, 2012.

The deposition of non-party retired Lt. Daniel Albano took place on May 25, 2017. Although he recalled being present in Zuccotti Park on March 17, 2012 at some time between around 11:30pm and midnight, and seeing Det. O'Donnell there at that time, Lt. Albano could not remember what he did between then and 4:00am on March 18, 2012.[9] All told, however, Lt. Albano could not rule out that either he or Det. O'Donnell assisted in

---

[8] Although Det. O'Donnell recalled being present in Zuccotti Park on March 17, 2012 at some time between around 11:30pm and midnight, and seeing Lt. Albano there at that time, Det. O'Donnell could not remember what he did between then and 4:00am on March 18, 2012. Det. O'Donnell testified he had "no memory of…ever processing an arrest…or helping people process an arrest" at the Precinct where Plaintiffs' arrests were processed on March 18, 2012.

[9] Not only could he not rule out having been involved in processing Plaintiffs' arrests, he testified that although he did not remember being at the Precinct in which arrests were processed on March 18, 2012, he "may have been there" and that "If somebody went to process arrests, more likely than not it would have been me" and that "what [he] would di in situations like that, what was [his] usual practice" was "to follow the arrests and,…vet, which is [his] term, assist the officers in processing the arrests. That's what [he] usually" does. Referring to a handwritten document containing a narrative identified by Defendant Stephen Valentine in his deposition as reflecting a narrative given to him by a NYPD Legal Bureau attorney at the Precinct in question on March 18, 2012, Lt. Albano said: "This is very typical of what I would do. I would get scraps of paper. Have the officers – I didn't write it myself because I got really bad handwriting. So I would either dictate it, paraphrase it, give them certain points that I wanted them to hit and they would put it on a piece of paper and then we would make the entry onto the arrest report." Lt. Albano testified that was "part of [his] usual process" and his "normal course of business."

processing Plaintiffs' arrests on March 18, 2012. Plaintiffs' counsel recently received the transcript of Lt. Albano's deposition and provided it to defense counsel promptly, last week.

**The proposed substitutions would be consistent with Fed.R.Civ.P. 15(a)(2),** which provides that the Court should grant leave to amend "freely…when justice so requires." *See, e.g., Ricciuiti v. NYC Transit Authority*, 941 F.2d 119, 123 (2nd Cir. 1991) (leave to amend is to be granted freely). **The proposed substitutions would also be consistent with Fed.R.Civ.P. 21.** An amendment to add parties may be subject to Fed.R.Civ.P. 21, which permits addition of parties by order of the Court "at any time, on just terms." Courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15(a)." *Lawrence v. Starbucks Corp.*, 08 Civ. 3734 (LTS)(JCF), 2009 WL 49942, at *2 (SDNY Dec. 10, 2009) (quoting *Soler v. G&U, Inc.*, 86 F.R.D. 524, 528 (SDNY 1980)). **The proposed substitutions would "relate back" under Fed.R.Civ.P. 15(c).** In terms of the Rule 15(c)(1)(C) analysis, the proposed substitutions would "change[] the party…against whom a claim is asserted" and would unquestionably satisfy Rule 15(c)(1)(B). Both retired Lt. Albano and Det. O'Donnell have had constructive notice of this action (through their counsel) since it was initiated in 2015. Upon information and belief, they have also had actual notice of the action, through their counsel, since around that time, or soon thereafter. Both retired Lt. Albano and Det. O'Donnell received such notice of the action that they will not be prejudiced in defending on the merits, particularly as they have both been deposed and discovery is complete. And finally in this connection, Defendants knew, or should have known, that they had "mistakenly" identified Defendant Chernyavsky as the proper NYPD Legal Bureau attorney at least in August of 2015, when they made representations to Court and counsel that his overtime records reflected he had been off-duty at the time Plaintiffs' arrests were processed. So, too, retired Lt. Albano and Det. O'Donnell knew or should have known that the action would have been brought against them rather than Defendant Chernyavsky, but for Defendants' "mistake[s] concerning the proper party's identity" and mistaken representations along those lines.

The bottom line, from Plaintiff's perspective, is that neither retired Lt. Albano nor Det. O'Donnell can say based on their present recollection which of them was involved in assisting to process Plaintiffs' arrests on March 18, 2012. However, based on their testimony, and other evidence in the record (including the overtime records produced as part of the efforts later in the case to identify the correct NYPD Legal Bureau attorney showing they were both on duty at the time Plaintiffs' arrests were being processed), a jury could determine that *either* of them were the NYPD Legal Bureau attorney involved in processing Plaintiffs' arrests in the manner described in the FAC. Furthermore, because Judge Castel has already ruled that the allegations in the FAC, if true, plausibly state claims for trial rights violations against the NYPD Legal Bureau attorney, and because Plaintiffs only seek amendment to substitute Lt. Daniel Albano and Det. Kenneth O'Donnell as parties in place of Defendant Oleg Chernyavsky, amendment will not be futile. Finally, because discovery is closed in the case, there will be no additional prejudice or delay.

Base on the foregoing, Plaintiffs respectfully seek to make a formal application to amend the FAC to substitute Lt. Daniel Albano and Det. Kenneth O'Donnell as parties in place of Defendant Oleg Chernyavsky, to be followed by an application under Rule 4(m) for an order permitting service upon them.

Thank you for your attention to these mattes.

Respectfully submitted,

/S/

Gideon Orion Oliver