# EXHIBIT 1

# *GYASI* INTERROGATORY RESPONSES

Dec 07 2006 2:48PM    HP LASERJET 3330                                                    p.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

KWABENA GYASI,

                                              Plaintiff,    **DEFENDANTS'**
                                                          **SUPPLEMENTAL**
                -against-                            **RESPONSES TO**
                                                         **PLAINTIFF'S SECOND SET**
CITY OF NEW YORK, ET AL.,                    **OF INTERROGATORIES**

                                              Defendants.    05-CV-9453 (SAS) (GWG)

---------------------------------------------------------------- x

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of this Court, defendants City of New York, Officer Bilardi, Officer Lisa, and Sergeant Bohr hereby submit this supplemental response to Plaintiff's Second Set of Interrogatories upon information and belief as follows.

## GENERAL STATEMENT AND OBJECTIONS

1. By responding to any interrogatory, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendants object to these Interrogatories to the extent that they demand documents and/or information that are protected by the attorney-client or work-product privilege or which constitute material prepared for litigation purposes.

Feb 07 2007 6:35PM    Law Offices of Claudia S1    212-219-9412

3. Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Defendants object to these Interrogatories to on the grounds that they are impermissible under Local Rule 33.3 of this Court.

## INTERROGATORIES

### Interrogatory No. 1:

State whether defendant City of New York indemnified Police Officers Arthur Williams, Anthony Giallombardo, John Hunt, Gary Trapani and Patrick Boyle for the $200,000 in punitive damages assessed against each officer in *Papa and Rampersant v. The City of New York et al.*, 194 A.D.2d 527, 532-33, 598 N.Y.S.2d 558, 563 (2d Dept. 1993), *leave to appeal denied*, 82 N.Y.2d 918, 632 N.E.2d 457, 610 N.Y.2d 146 (1994).

### Response to Interrogatory No. 1:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not relevant to a claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and is impermissible under Local Rule 33.3. Notwithstanding and without waiving these objections and the General Objections, and pursuant to the October 30, 2006 Court Order, defendants state yes.

2

### Interrogatory No. 2:

State whether defendant City of New York indemnified Police Officer Matthew Orsi for the $100,000 in punitive damages assessed against him in *Hart v. The City of New York et al.*, 186 A.D.2d 398, 588 N.Y.2d 1012 (1st Dept.).

### Response to Interrogatory No. 2:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not relevant to a claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and is impermissible under Local Rule 33.3. Notwithstanding and without waiving these objections and the General Objections, and pursuant to the October 30, 2006 Court Order, defendants state yes.

### Interrogatory No. 3:

State whether defendant City of New York indemnified Police Officer David Williams for the $1,500 in punitive damages assessed against him in *Austin & Stass v. The City of New York et al.*, 98 CV 0349 (WHP) (S.D.N.Y. jury verdict of April 29, 1999).

### Response to Interrogatory No. 3:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not relevant to a claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and is impermissible under Local Rule 33.3. Notwithstanding and without waiving these objections and the General Objections, and pursuant to the October 30, 2006 Court Order, defendants state yes.

### Interrogatory No. 4:

State whether defendant City of New York indemnified Police Officer Paul A. Fazio for the $1,000 in punitive damages assessed against him in *Scherer v. The City of New York*, 03 CV 8445 (RWS) (S.D.N.Y. jury verdict of May 1, 2006).

### Response to Interrogatory No. 4:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not relevant to a claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and is impermissible under Local Rule 33.3. Notwithstanding and without waiving these objections and the General Objections, and pursuant to the October 30, 2006 Court Order, defendants state yes.

### Interrogatory No. 4A:

State whether defendant City of New York indemnified (i) Police Officer Charles Daskalkis for the $7,500 in punitive damages assessed against him in *Sulkowska v. The City of New York et al.*, 129 F. Supp.2d 274, 310 & n. 55 (S.D.N.Y. 2001) and (ii) Police Officer Scott Cohen for the $150,000 in punitive damages assessed against him in *Ismail v. Cohen*, 899 F.2d 183, 187 (2d Cir. 1990), cited in *Sulkowska, supra* at 310 n. 55.

### Response to Interrogatory No. 4A:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not relevant to a claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and is impermissible under Local Rule 33.3. Notwithstanding and without waiving these objections and the General Objections, and pursuant to the October 30, 2006 Court Order, defendants state yes.

4

### Interrogatory No. 5:

Identify any during the past 10 years in which the NYC Law Department has represented a NYPD police officer and punitive damages have been assessed against the officer, and the City of New York has failed to indemnify the officer for punitive damages.

### Response to Interrogatory No. 5:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not relevant to a claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and is impermissible under Local Rule 33.3. Notwithstanding and without waiving these objections and the General Objections, and pursuant to the October 30, 2006 Court Order, defendants state that, upon information and belief, there are no cases responsive to this request.

### Interrogatory No. 6:

Identify all cases during the past 10 years in which the City of New York has indemnified a NYPD police officer for punitive damages.

### Response to Interrogatory No. 6:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not relevant to a claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and is impermissible under Local Rule 33.3. Notwithstanding and without waiving these objections and the General Objections, and pursuant to the October 30, 2006 Court Order, defendants refer plaintiff to their responses to Interrogatories 1-4A and further identify the following cases:

Vitale v. Hagan, 71 NY2d 955 (1988);
McLaughlin v City, 294 A.D. 2d 136 (1st Dept 2002);
Green v. Torres et al., 98 Civ. 8700 (JSR) (S.D.N.Y);
DeFreitas v. City, 99 Civ. 5711 (SHS) (S.D.N.Y);

Dec 07 2006 2:48PM    HP LASERJET 3330

Gonzalez v. Bratton, 97 Civ. 2264 (VM) (S.D.N.Y. 2000);
Raniola v. City of New York, 97 Civ. 2057 (MHD) (S.D.N.Y. 2002).

**Interrogatory No. 7:**

Identify any case during the past 10 years in which the NYC Law Department has represented a NYPD police officer and compensatory damages have been assessed against the officer, and the City of New York has failed to indemnify the officer for the compensatory damages.

**Response to Interrogatory No. 7:**

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not relevant to a claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and is impermissible under Local Rule 33.3. Notwithstanding and without waiving these objections and the General Objections, and pursuant to the October 30, 2006 Court Order, defendants state that, upon information and belief, there are no cases responsive to this request.

Dated: New York, New York
       November 27, 2006

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        Attorney for Defendants City, Bilardi, Lisa, and Bohr
        100 Church Street, Room 3-212
        New York, N.Y. 10007
        (212) 788-0823

By: _/s/ Hillary Frommer_
    Hillary A. Frommer (HF 9286)
    Assistant Corporation Counsel

To:   Joel Berger, Esq.
       360 Lexington Avenue, 16th Floor
       New York, New York 10017

Feb 07 2007 6:38PM    Law Offices of Claudia SI    212-219-9412    p.6