**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
**YOTAM MAROM AND MIRIAM ROCEK,**

               *Plaintiffs*,

     -against-

**NYPD SERGEANT FIOR BLANCO, NYPD LEGAL**
**BUREAU LIEUTENANT DANIEL ALBANO,**
**NYPD LEGAL BUREAU DETECTIVE KENNETH**
**O'DONNELL, NYPD OFFICER MICHAEL**
**GALGANO, SHIELD NO. 2671, NYPD OFFICER**
**CYNTHIA BOYLE, SHIELD 06663,**

              *Defendants*.

----------------------------------------------------------------X

**15 CV 2017 (PKC)(SN)**

**PLAINTIFF'S PROPOSED**
**JURY INSTRUCTIONS**

---

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

---

Gideon Orion Oliver
*Attorney for Plaintiff*
Miriam Rocek
277 Broadway, Suite 1501
New York, NY 10007
Tel: (646) 263-3495
Fax: (646) 349-2914
Email: gideon@gideonlaw.com

I.      **Introductory Remarks**

Members of the jury, you have now heard all of the evidence in the case as well as

the final arguments of the parties. We have reached the point where you are about to

undertake your final function as jurors. You have paid careful attention to the evidence,

and I am confident that you will act together with fairness and impartiality to reach a just

verdict in the case.

II.     **Role of the Court**

---

[1] With the exception of the substantive charge on Ms. Rocek's fair trial rights claims, which is annotated with references to this Court's prior opinions in this case, as well as other authority, and the nominal damages charge, which is omitted for the reasons set forth below, these charges are based on this Court's charges in *Phoenix Feeley v. Michael Jurena*, 15 Civ. 8349 (PKC), with proposed substantive modifications at pp. 13-20 (not highlighted) and elsewhere identified in green highlighting. The most significant proposed change to the *Feeley* charges is the proposed fair trial rights claim-based substantive instruction at pp. 13-20 below, which would take the place of the instructions on the substantive claims that were at issue in *Feeley*. The *Feeley* charges are attached hereto for ease of comparison.

Plaintiff respectfully submits that a nominal damages charge is inappropriate and has therefore omitted that proposed charge. If plaintiff does not prove she suffered a liberty deprivation proximately caused by the defendants' forwarding materially false information to prosecutors, then there is no need for such a charge, because the jury will never reach damages. And if plaintiff does prove that she suffered a loss of liberty, nominal damages are not proper. *See, e.g., Kerman v. City of N.Y.,* 374 F.3d 93, 124 (2d Cir. 2004) ("where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law") (citing cases); *Vilkhu v. City of New York*, 06-cv-2095(CPS)(JO), 2009 WL 537495, 2009 U.S. Dist. LEXIS 16616 (E.D.N.Y. Mar. 3 2009).

Plaintiff respectfully reserves the right to include additional substantive jury charges, or to propose changes to these proposed charges, at the time of trial based on the course of the proceedings.

It has been my duty to preside over the trial and to decide what testimony and evidence was relevant, under the law, for you to consider. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own ideas of what the law is or ought to be.

You are not to infer from any of my questions or rulings or anything else I have said or done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

I will give you the typed text of these instructions for your use in the Jury room. It is possible that there is a slight variance between the words I have spoken and the typed text that I will give you. The words I have spoken control over the typed text.

III.  **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them. You determine the weight of the evidence.

You have taken the oath as jurors and it is your sworn duty to determine the facts and to follow the law as I give it to you.

IV.  **Conduct of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that an attorney objected to any evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection.

From time to time, the lawyers and I had sidebar conferences and other conferences out of your hearing. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

V.  **Sympathy or Bias**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider any personal feelings you may have about a party's race, religion, national origin, sex, or age.

The parties in this case are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Similarly, under your oath as jurors, you are not to be swayed by sympathy. Once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a just and true verdict. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

VI.  **All Persons Equal Before the Law**

This case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. The defendant is not to be favored or disfavored because he is an employee of the New York City Police Department, nor is the plaintiff to be favored or disfavored because of her

status. All parties are entitled to the same fair trial at your hands. They stand equal before the law and are to be dealt with as equals in this court.

VII. **Burden of Proof**

In a civil case such as this, the party with the burden of proof must prove all the elements of the claim or defense by a preponderance of the evidence.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If, after considering all of the testimony, you are satisfied that the side bearing the burden of proof has carried the burden on each essential point as to which it has the burden of proof, then you must find in that side's favor on that issue. If after such consideration you find that the credible evidence on a given issue is evenly divided between the parties-that it is as equally probable that one side is right as it is that the other side is right-or that the evidence produced  by one party is outweighed by evidence against his or her claim, then you must decide that issue against that party. That is because the side bearing the burden of proof must prove more than simple equality of evidence-that side must prove each element of the claim by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party bearing the burden of proof--that

what he or she claims is more likely true than not-then the element will have been proven by a preponderance of evidence.

## VIII. <u>**What Is and Is Not Evidence**</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received into evidence, and the stipulations made by the parties. You may also consider prior inconsistent testimony of a witness given under oath at a deposition as evidence.

By contrast, the questions of a lawyer are not evidence. It is the witnesses' answers that are evidence, not the questions.

Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict. If I have instructed you that evidence is received for only a limited purpose, then it may be considered only for that limited purpose.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What the lawyers have said to you in their opening statements and in their summations is intended to help you understand the evidence. If, however, your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

Any statements that I may have made during the trial do not constitute evidence.

To constitute evidence, exhibits must first be admitted or received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## IX.    **Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your verdict.

One type is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses- something he or she has seen, felt, touched, or heard.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. Let me give you an example to help you understand what is meant by circumstantial evidence.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume further that the courtroom windows were covered and you could not look outside. As you were sitting here, assume that someone walked in with an umbrella, which was dripping wet. Then, a few minutes later, another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer, on the basis of reason and experience and common sense from one established fact, the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. As a general rule, the law makes no distinction between direct evidence and circumstantial evidence. It simply requires that your verdict must be based on all the evidence presented.

X. **Not All Evidence Is Introduced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at the trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case. I instruct you that you are not to speculate as to why any of the parties did not call certain witnesses or produce certain exhibits.

XI. **Witness Credibility**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, in assessing credibility, you may size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. In making your credibility determinations, use your common sense, your good judgment, and your everyday experiences in life.

If you believe that a witness knowingly testified falsely concerning any important matter, whether at trial or in a prior proceeding, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

## XII.  **Prior Inconsistent Statements**

You have heard evidence that, at some earlier time, witnesses have said or done something that counsel argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.

Certain prior testimony was presented in the examination of witnesses as a prior inconsistent statement given under oath at a deposition. This deposition testimony is evidence and may be considered by you.

## XIII.  **Bias of Witnesses**

In deciding whether to believe a witness, you may take account of the fact that a witness is a party to the lawsuit. You may also take into consideration any evidence of hostility or affection that the witnesses may have towards one of the parties. Likewise,

you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence that a witness or party may benefit in some way from the outcome of the case.

It is your duty to consider whether the witness has permitted any bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness or of any party has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness. You may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal, state, or local government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses, and to give that testimony whatever weight, if any, you find it deserves.

XIV. **Redaction of Evidence**

Among the exhibits in evidence, some documents are redacted. "Redacted" means that part of the document was covered. You are to concern yourself only with the part of

the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been covered.

XV. **Stipulations**

In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true. The weight or importance of the fact is a matter for you, the jury, to decide.

XVI. **Ignore External Sources of Information**

I instruct you that anything you may have seen or heard about this case outside the courtroom is not evidence and must be disregarded. Indeed, as I have instructed you throughout this case, you may not read, view, or listen to any media or press report or internet or social media posting about this case or about the people, companies, or issues referred to during this trial. Your verdict must be based solely on the evidence or lack of evidence that came out in this Courtroom and the Court's instructions on the law.

## THE SUBSTANTIVE CLAIMS

With these instructions in mind, let us turn to the substantive law to be applied to this case.

I. **Plaintiff's "fair trial rights" claims**

The plaintiff, Miriam Rocek, claims that she was deprived of her so-called "fair trial rights" rights protected under the Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution to be free from being deprived of life, liberty, or

property as the result of Defendants' having forwarded fabricated information to prosecutors. Defendants deny plaintiff's claims.

There are three essential elements that plaintiff must prove by a preponderance of the evidence against a defendant in order for that defendant to be found liable:

First, Ms. Rocek must prove that the acts complained of were committed by the defendant while they were acting under color of state law;

Second, Ms. Rocek must prove that the defendant acted intentionally or recklessly and that those acts deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

Third, Ms. Rocek must prove that the defendant's acts were the proximate cause of injuries she sustained.

I will now examine each of the three elements.

## A. First Element: "Under Color of State Law"

Whether a particular defendant committed an act is a question of fact for you, the jury, to decide. Assuming that the defendant did commit those acts, I instruct you that because they purported to be acting in their capacity as a member of the New York City Police Department at the time of the acts in question, they were acting under color of state law.

Therefore, if the defendant committed the acts alleged, the first element of Ms. Rocek's claims is satisfied, and you need not deliberate upon it.

## B. Second Element: "Deprivation of Constitutional Right"

The second element of the plaintiff's claims is that each defendant committed acts, intentionally or recklessly, that deprived the plaintiff of a federal constitutional right. In order for the plaintiff to establish this second element, she must show that those acts that

11

you have found the defendant took under color of state law caused her to suffer the loss of a federal right and that in performing those acts, the defendant acted intentionally or recklessly.

### 1. Deprivation of a Constitutional Right

Ms. Rocek has alleged that the defendants deprived her of her so-called "fair trial rights" protected under the Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution to be free from being deprived of life, liberty, or property as a result of the defendants' having forwarded fabricated information to prosecutors.

### 2. Intentional or Reckless Action

To prove the second essential element of her claims against a defendant, Ms. Rocek must not only show that the defendant's acts deprived her of a right but also that they committed those acts intentionally or recklessly. To prove this part of her claims against a defendant, Ms. Rocek need not show malice or ill will or that the defendant intended to violate her constitutional rights or otherwise[2] cause injury to Ms. Rocek. Nor need she prove that the defendant was reckless in believing that no injury to Ms. Rocek would result. Rather, she must prove that the defendant intentionally or recklessly committed an act or acts that deprived Ms. Rocek of a constitutional right.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.

---

[2] *See Hudson v. New York City*, 271 F.3d 62, 68-69 (2d Cir. 2001).

An act is reckless if it is done in conscious disregard of its known probable consequences. Stated another way, even if the defendant did not act intentionally, if the defendant nevertheless purposely disregarded the high probability of the consequences of his actions, then the second essential element would be satisfied. But if you find that defendant's actions were merely negligent, then, even if you find that Ms. Rocek was injured as a result of those acts, you must return a verdict for that defendant.

### C. Third Element: "Proximate Cause"

The third element plaintiff must prove for each of her claims is that the defendant's acts were a proximate cause of injuries she sustained. An act is a proximate cause of an injury if the act was a substantial factor in bringing about that injury and if an injury was a reasonably foreseeable consequence of the defendant's act. In other words, if the defendant's acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury. The defendant is not liable if Ms. Rocek's injury was caused by a new or independent source that intervenes between the acts or omissions of the defendant and the injury and that produces a result that was not reasonably foreseeable by the defendant.

### D. The Claimed Constitutional Violations

Ms. Rocek claims that defendants were each involved in, or failed to intervene to prevent, defendant Boyle's forwarding false information in the form of oral statements,

statements in police reports, and sworn statements in a criminal charging document, purporting to record defendant Boyle's alleged observations of and interactions with Ms. Rocek before she was arrested and in the process of her arrest. Ms. Rocek claims the statements were false because defendant Boyle did not observe Ms. Rocek before she was arrested, or arrest her.

Ms. Rocek claims that, as a result of the defendants' forwarding false statements to prosecutors, she suffered deprivations of liberty, including in the form of being detained for 22 hours post-arrest, being formally arraigned and charged with criminal violations, being released on her own recognizance subject to New York Criminal Procedure Law § 510.40, being required to appear in court five times, and having criminal charges pending against her for over a year, as well as related reputational harm and emotional distress.

3.    "Personal Involvement" and "Failure to Intervene"

To prevail on her fabrication of evidence claim against an individual defendant, Ms. Rocek must prove by a preponderance of the evidence that the defendant was "personal[ly] involve[d] . . . in [the] alleged constitutional deprivation[]."[3]

"A defendant is 'personally involved' if, for example, [they] directly participate[] in the constitutional deprivation."[4]

"A supervisor can be personally liable if they 'participated directly in the alleged constitutional violation.'"[5]

---

[3] *Marom v Blanco*, No. 15-cv-2017 (PKC), 2019 US Dist LEXIS 124343, at *18 (SDNY July 25, 2019), citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

[4] *Marom v Blanco* at *18, citing *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986).

[5] *Marom v City of NY*, No. 15-cv-2017 (PKC), 2016 US Dist LEXIS 140720, at *9 (SDNY July 29, 2016), quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

"'[O]rdering or helping others to do the unlawful acts, rather than doing them [oneself],' can constitute 'direct participation.'"[6]

Additionally, "'[a]ll law enforcement officials have an affirmative duty to intervene to protect the constitution rights of citizens from infringement by other law enforcement officers in their presence.'"[7]

Thus, "[a] defendant is also considered 'personally involved' if he or she fails to intervene despite having a realistic opportunity to prevent the constitutional violation from occurring."[8]

"'An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: . . . that any constitutional violation has been committed by a law enforcement official [ ].'"[9]

4.   Elements of Ms. Rocek's Fabrication of Evidence Claims

To prevail on her so-called "fabrication of evidence" claim against a defendant, Ms. Rocek must show by a preponderance of the evidence that: "'(1) [an] investigating official (2) fabricate[d] information (3) that [was] likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of life, liberty, or property as a result.'"[10]

---

[6]  *Marom v City of NY*, 2016 US Dist LEXIS 140720, at *9, quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001).

[7]  *Marom v City of NY*, 2016 US Dist LEXIS 140720, at *11, quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

[8]  *Marom v Blanco* at *18-19, citing Harris v. City of New York*, No. 15-cv-8456 (CM), 2017 U.S. Dist. LEXIS 206923, 2017 WL 6501912, at *3 (S.D.N.Y. Dec. 15, 2017); *see Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

[9]  *Id.*

[10]  *Marom v Blanco* at *19, quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)).

"'[A] trial is not a prerequisite to [the] claim."[11] Rather, "'the issue is . . . whether, had plaintiff proceeded to trial, the fact of the falsification would have rendered the trial unfair to [the plaintiff].'"[12] This is because "[t]he rationale for" the claim is "that 'false evidence works an unacceptable corruption of the truth-seeking function of the trial process.'"[13]

Simply put, "[n]o arrest, no matter how lawful or objectively reasonable, gives an arresting officer or his fellow officers license to deliberately manufacture false evidence against an arrestee."[14]

### i. "Investigating Official"

As to the first element, I hereby instruct you that each individual defendant was an "investigating official" within the meaning of this claim as a matter of law.

### ii. "Fabricated Information"

As to the second element, police fabrication of material evidence "'violates the right to a fair jury trial whether the officer fabricates tangible evidence or fabricates 'the officer's own account of his or her observations of alleged criminal activity.'"[15]

---

[11] *Marom v. Blanco,* at *20, quoting *Collins v. City of New York*, 295 F. Supp. 3d 350, 371 (S.D.N.Y. 2018).

[12] *Marom v. Blanco* at *20-21, quoting *Salazar v. City of New York*, No. 15-cv-1989 (KBF), 2016 U.S. Dist. LEXIS 89774, 2016 WL 3748499, at *4 (S.D.N.Y. July 11, 2016).

[13] *Marom v. Blanco* at *20, quoting *Ricciuti*, 124 F.3d at 130 (internal quotation marks omitted).

[14] *Garnett v Undercover Officer C0039*, No. 1:13-cv-7083 (GHW), 2015 US Dist LEXIS 45232, at *2 (SDNY Apr. 6, 2015), quoting *Ricciuti,* 124 F.3d at 130.

[15] *Marom v. Blanco* at *20, quoting *Collins*, 295 F. Supp. 3d at 371 (citing *Garnett*, 838 F.3d at 274).

Ms. Rocek claims that the defendants fabricated material evidence in the form of various accounts of defendant Boyle's alleged observations of and interactions with Ms. Rocek prior to and during her arrest.

### iii.    "Material" Evidence - "Likely to Influence a Jury's Verdict"

As to the third element, the fabricated evidence must be "material" – that is, 'likely to influence a jury's verdict'…*if* it arrived at a jury."[16]

The standard does not "require that the allegedly false information actually be admitted at trial" or even that it "be 'admissible' in the abstract."[17]

Ms. Rocek claims that there could have been no prosecution at all absent defendant Boyle's allegedly false statements to prosecutors, which were memorialized in the sworn criminal complaint supporting the prosecution, about her alleged observations of Ms. Rocek; that the prosecutors could not have, or would not have, gone forward with the charges, or certain charges, absent the allegedly false statements; and that defendant Boyle's statements to a jury about her alleged observations would have been likely to influence a jury, if they had arrived at a jury.

### a.    Elements of the Offenses The Prosecutor Charged Ms. Rocek With Committing

In order to initiate a prosecution, under New York law, the prosecutor was required to file a written charging document or documents, sworn to under penalties of perjury, containing non-hearsay, factual statements of an evidentiary nature, based on direct

---

[16] *Marom v. Blanco* at *20, quoting *Garnett*, 838 F.3d at 280 and at *20, 22, quoting *Case v. City of New York*, 233 F. Supp. 3d 372, 388 (S.D.N.Y. 2017) (citation omitted).

[17]  *Marom v City of NY*, 2016 US Dist LEXIS 140720, at *6; *see also, e.g., Garnett v Undercover Officer C0039*, 2015 US Dist LEXIS 45232, at *18-27.

observation or information provided by an identified third-party, which, if true, would make out each element of each charged offense.[18]

The violation of Disorderly Conduct under New York Penal Law § 240.20(6) has four elements: that "(1) [the individual] congregated with other persons in a public place; (2) was given a lawful order of the police to disperse; (3) refused to comply with that order; and (4) acted 'with intent to cause public inconvenience, annoyance or alarm' or with recklessness to the 'risk thereof.'"[19]

The violation of Trespass in the Third Degree in violation of New York Penal Law § 140.05 has two elements: the individual (1) knowingly (2) entered or remained unlawfully in or upon any real property.[20] A person who, regardless of their intent, enters in or upon premises which are at the time open to the public does so with license and privilege unless he or she defies a lawful order not to enter or remain, personally communicated to them by the owner of such premises or other authorized person.[21]

"The crime of Resisting Arrest" in violation of New York Penal Law § 205.30 "has two elements: '(1) the person charged must have intentionally attempted to prevent the arrest of [herself] or someone else, and (2) the arrest [she] attempted to prevent must itself have been supported by a warrant or by probable cause.'"[22]

---

[18] *See* New York State Criminal Procedure Law ("CPL") §§ 100.10(4); 100.15(3); 100.20; 100.30; 100.40(1)(c); *see also, e.g., People v Garcia*, 21 Misc 3d 732  (Sup Ct, Bronx County 2008).

[19] *Gogol v City of NY*, 2017 US Dist LEXIS 127187, at *18 (SDNY Aug. 10, 2017) (internal citations omitted); see also New York Penal Law ("PL") § 240.20(6).

[20] *See* PL §140.05; New York Criminal Jury Instructions 2d ("NY CJI2d") regarding PL § 140.05.

[21] *See* CJI2d (NY) regarding PL § 140.05, citing PL §140.00(5).

[22] *Marom v. Blanco* at *27-28, quoting *Polanco v. City of New York*, No. 14-cv-7986 (NRB), 2018 U.S. Dist. LEXIS 54758, 2018 WL 1804702, at *5 (S.D.N.Y. Mar. 28, 2018) (citing *Curry v. City of Syracuse*, 316 F.3d 324, 336 (2d Cir. 2003)). *See also* New York Penal Law § 205.30.

"The elements for the crime of Obstruction of Governmental Administration" in the Second Degree in violation of New York Penal Law § 195.05 are intentionally "'(1) prevent[ing] or attempt[ing] to prevent (2) a public servant from performing (3) an official function (4) by means of intimidation, force or interference.'" [23]

In the context of the charged crimes, intent means conscious objective or purpose.[24]

### iv. "Forwarded to Prosecutors"

As to the fourth element, the violation occurs "'when the officer forwards the false information to the prosecutors.'"[25]

Ms. Rocek claims that the defendants forwarded false information to prosecutors in the form of defendant Boyle's oral statements to prosecutors, written police reports, and sworn criminal court complaint.

### v. "Deprivation of life, liberty, or property as a result"

As to the fifth element, the fabricated information must "cause the plaintiff to suffer a 'deprivation of liberty' [or property] that is not 'too remote a consequence' of the act of creating the false information."[26]

In this case, plaintiff must establish "the fabricated evidence cause[d] some further deprivation" of liberty or property beyond the arrest itself.[27]

---

[23] *Marom v. Blanco* at *28, quoting *Polanco,* 2018 U.S. Dist. LEXIS 54758, [WL] at *4 (citing *Cameron v. City of New York*, 598 F.3d 50, 68 (2d Cir. 2010)); *see also* PL § 195.05.

[24] *See* NY CJI2d §§ 140.05; 205.30.

[25] *Marom v. Blanco* at *20, quoting *Collins*, 295 F. Supp. 3d at 371 (citation omitted)).

[26] *Marom v. Blanco* at *21, quoting *Garnett*, 838 F.3d at 279; *Collins*, 295 F. Supp. 3d at 371 (citation omitted).

[27] *Marom v. Blanco* at *30.

"'[S]pending a number of hours in jail . . . constitute[s] a sufficient deprivation of liberty, as [does] the obligation to attend numerous follow-up court appearances.'"[28]

So does being released on one's own recognizance (or "ROR") under New York Criminal Procedure Law §510.40 at arraignment, which subjects a person to the orders and processes of the Court at all times after arraignment and until a case is completed.[29]

The "further deprivation" can also include collateral consequences such as damage to reputation, being required to "'mount a defense'" to criminal charges, and generally being placed "in the power of a court of law.[30]

"Importantly, '[t]he fabricated evidence need not be the only cause of the deprivation of liberty.'"[31]

---

[28] *Marom v. Blanco* at *21, quoting *Collins*, 295 F. Supp. 3d at 371 (citation omitted).

[29] CPL § 510.40(2) provides that "Upon ordering that a principal be released on his own recognizance, the court must direct him to appear in the criminal action or proceeding involved whenever his attendance may be required and to render himself at all times amenable to the orders and processes of the court." *See Marom v Blanco* at *28-29 ("A reasonable jury could conclude that Rocek suffered a deprivation of liberty when she was arrested, detained for twenty-two hours, formally charged, released on her own recognizance subject to NYCPL § 510.40, and required to appear in court five times) (citing cases, including "*Gogol v. City of New York*, No. 15-cv-5703 (ER), 2017 U.S. Dist. LEXIS 127187, 2017 WL 3449352, at *11 (S.D.N.Y. Aug. 10, 2017) (' [A]an arrestee is . . . deprived of liberty when subject to Section 510.40 restrictions'); [and] *Perez v. Duran*, 962 F. Supp. 2d 533, 538, 542-44 (S.D.N.Y. 2013) (deprivation of liberty where plaintiff was released subject to NYCPL § 510.40 and required to appear in court on two occasions)"; *see also, e.g., Swartz v. Insogna*, 704 F.3d 105 (2nd Cir. 2013); *Rohman v. New York City Trans. Auth.*, 215 F.3d 208 (2d Cir. 2000); and *Murphy v. Lynn*, 118 F.3d 938 (2d Cir. 1997).

[30] *Garnett*, 838 F.3d at 279 (internal quotation omitted).

[31] *Marom v. Blanco* at *21, quoting *Collins v. City of New York*, No. 14-cv-08815 (AJN), 2019 U.S. Dist. LEXIS 54130, 2019 WL 1413999, at *2 (S.D.N.Y. Mar. 29, 2019) (citing *Garnett*, 838 F.3d at 277).

The five elements I have just listed are not merely factors to be considered in making your decision but rather requirements that must be met in order for you to find in favor of Ms. Rocek.

If you find by a preponderance of the evidence that any defendant fabricated material information, forwarded it to prosecutors, and that plaintiff suffered a deprivation of life, liberty, or property as a result, or failed to intervene to prevent that from happening despite having had knowledge that it was happening or would happen and a reasonable opportunity to do so, you must find against that defendant.

II. **<u>Damages</u>**

If you find that Ms. Rocek has met her burden of proof with respect to a claim-- that is, that Ms. Rocek has proven one or more of her claims against a defendant by a preponderance of the evidence--then you must consider the issue of damages. The fact that I am giving you instructions on damages, however, should not be considered as an indication of any view of mine on what your verdict should be. Rather, instructions on damages are given only so that you will have them in the event that you should find in favor of the plaintiff on any question of liability.

If your verdict is in favor of the plaintiff, whether or not income taxes will be paid on any portion of the award is not part of your consideration. You must not add to the award, nor subtract from the award, on account of income taxes. Additionally, in the event that you find that damages should be awarded, you should not take into consideration attorney's fees or costs, which will be decided by the Court.

I have two more cautionary instructions before I define the types of damages you may award if you find that the plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if the plaintiff were to prevail on two claims and establish an injury worth a certain amount, you could not award her that certain amount of compensatory damages on each claim-she is entitled only to be made whole again, not to recover more than she lost. Of course, if different injuries are attributed to the separate claims, then you must compensate her fully for all of the injuries.

There are two types of damages that you may consider: compensatory damages and punitive damages. I will discuss each in turn.

## A. Compensatory Damages

If you return a verdict for Ms. Rocek, then you must first award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct consequence of defendants' conduct. Compensatory damages seek to make a plaintiff whole-that is, to compensate him or her for the damage suffered. Compensatory damages are not only for expenses that a plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for loss of and restraints on liberty, reputation, emotional and mental anguish, and shock and discomfort that he or she has suffered because of the defendants' conduct.

The law does not require a plaintiff to prove the amount of her losses with mathematical precision. I cannot give you a yardstick by which to measure the dollar amount of pain or injury. You heard Ms. Rocek's testimony and the testimony of the other witnesses, and you have seen the documentary evidence concerning damages. If you award compensatory damages, you will have to determine, based on your common sense and experience, the amount of money that will fairly and reasonably make plaintiff whole or compensate her for the injuries that she sustained, and may continue to sustain, as a

consequence of any acts that violated her rights. You are to use your sound discretion in fixing an award of compensatory damages, drawing all reasonable inferences where you deem appropriate from the facts and circumstances in evidence. In sum, your award of compensatory damages should reasonably compensate plaintiff for such injury and damage as you find that plaintiff has sustained or is reasonably likely to sustain in the future.

## B. Punitive Damages

If you find that Ms. Rocek's rights have been violated, then you have the discretion to award punitive damages to punish any defendant or the defendants for extreme or outrageous conduct, or to deter or prevent any defendant or the defendants and others like them from committing such conduct in the future. You may award punitive damages as a separate award in addition to compensatory damages.

You may award the plaintiff punitive damages only if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill-will or spite towards the injured person. An act or failure to act is wanton if it is done with a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that a defendant acted with malicious intent to violate the plaintiffs federal rights, or if you find that a defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter the defendant and others from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of compensatory damages only or whether the conduct is so outrageous that compensatory damages are inadequate to punish the wrongful conduct. You should also consider whether compensatory damages standing alone are likely to deter or prevent the defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendant may have committed.

If you decide to award punitive damages, these considerations should guide you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which a defendant should be punished for their wrongful conduct and the degree to which an award of one sum or another will deter the defendants or others from committing such wrongful acts in the future.

## CONCLUDING CHARGES

III. **<u>Right to Request Exhibits or Have Testimony  Read</u>**

You are about to go into the jury room to begin your deliberations. I will allow the exhibits actually received into evidence to go with you into the jury room.

If you want any of the testimony read, please send out a note specifying what you want to hear, and we will bring you back to the Courtroom to read it back for you. Please

be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony-in fact, any communications with the Court-should be made to me in writing, signed by your foreperson, and given to the Deputy Marshal. In any event, do not tell me or anyone else how the jury stands on any issue-in other words, what the vote is-until after a unanimous verdict is reached.

### A. Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

### 1. <u>Verdict Form</u>

I have prepared a verdict form for you to use in recording your decisions. Remember, each verdict must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

I will now ask the Clerk to hand out the verdict form in this case.

When you answer the questions on the verdict form, you are to answer them based on the facts that you find pursuant to the instructions on the law that I have given you. You will note that on the verdict sheet, there are 15 questions. If your answer to Question 1 is "yes," then you should proceed to answer Questions 2 and 3. If your answer to that question is "no," then you should not answer Questions 2 and 3. In either case, you must answer Question 4. If your answer to Question 4 is "yes," then you should proceed to answer Questions 5 and 6. If your answer to that question is "no," then you should not answer Questions 5 and 6. In either case, you must answer Question 7. If your answer to Question 7 is "yes," then you should proceed to answer Questions 8 and 9. If your answer to that question is "no," then you should not answer Questions 8 and 9. In either case, you must answer Question 10. If your answer to Question 10 is "yes," then you should proceed to answer Questions 11 and 12. If your answer to that question is "no," then you should not answer Questions 11 and 12. In either case, you must answer Question 13. If your answer to Question 131 is "yes," then you should proceed to answer Questions 14 and 15. If your answer to that question is "no," then your foreperson should sign, date, and return the verdict in an envelope to the Deputy Marshal.

On all questions, the plaintiff bears the burden of proving each element by the preponderance of the evidence, a term I have already defined.

## IV. **Duty to Deliberate/Unanimous Verdict**

In a few moments, you will retire to decide the case. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an

opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt the conclusion that in your good conscience appears to be in accordance with the truth.

Please remember, you are not partisans. You are judges-judges of the facts-not representatives of a constituency or cause. Your sole interest is to seek the truth from the evidence in this case.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict. If, at any point, you find yourselves divided, do not inform the Court of how the jurors are split. Once you have reached a verdict, do not announce what that verdict is until I ask you to do so in the Courtroom.

## V.     **Duties of Foreperson**

Once you get into the jury room, you must select a foreperson who will be responsible for signing all communications to the Court on behalf of the jury and for handing them to the Deputy Marshal during your deliberations. This should not be understood to mean that an individual cannot send the Court a note should the foreperson refuse to do so.

## VI.    **Text**

As I previously stated, I will give you the typed text of these instructions for your use in the jury room. It is possible that there is a slight variance between the words I have

spoken and the typed text that I will give you. The words I have spoken control over the typed text.

VII. **<u>Return of Verdict</u>**

After you have reached a verdict, your foreperson will fill in one original of the verdict form, sign and date it, and advise the Deputy Marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in Court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Finally, let me state that your oath sums up your duty and that is: without fear or favor to anyone, you will well and truly try the issues, based solely upon the evidence and this Court's instruction as to the law.

<b><u>CONCLUSION</u></b>

Members of the jury, that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement.

In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.

* * * * *

Members of the jury, you may now retire to deliberate.