*Ct. ex. 10*

*(Confirmed)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

PHOENIX FEELEY,

                 Plaintiff,

      -against-

POLICE OFFICER MICHAEL JURENA,
Shield No. 24700,

                 Defendant.

-----------------------------------------------------------x

15 cr 8349 (PKC)

## JURY INSTRUCTIONS

P. KEVIN CASTEL
United States District Judge

# Contents

**GENERAL INTRODUCTORY CHARGES** .......................................................... 4

   I.      Introductory Remarks ................................................ 4

   II.     Role of the Court ................................................... 4

   III.    Role of the Jury ................................................... 5

   IV.   Conduct of Counsel ................................................ 5

   V.     Sympathy or Bias .................................................. 6

   VI.   All Persons Equal before the Law ................................... 6

   VII.   Burden of Proof .................................................. 7

   VIII.  What Is and Is Not Evidence ........................................ 8

   IX.   Direct and Circumstantial Evidence ................................. 9

   X.     Not All Evidence Is Introduced .................................... 10

   XI.   Witness Credibility ............................................... 11

   XII.   Prior Inconsistent Statements ..................................... 12

   XIII.  Bias of Witnesses ................................................ 13

   XIV.  Redaction of Evidence ............................................ 14

   XV.   Stipulations .................................................... 14

   XVI.  Ignore External Sources of Information ............................. 15

**THE SUBSTANTIVE CLAIMS** ................................................... 15

   I.      Unlawful Excessive Force and Unlawful Retaliation .................. 15

     A.   First Element: "Under Color of State Law" ....................... 16

     B.   Second Element: "Deprivation of Constitutional Right" ............ 16

       1.   Deprivation of a Constitutional Right ........................ 17

       2.   Intentional or Reckless Action .............................. 19

     C.   Third Element: "Proximate Cause" .............................. 20

   II.     Damages ......................................................... 21

     A.   Compensatory Damages ......................................... 23

     B.   Nominal Damages .............................................. 24

     C.   Punitive Damages .............................................. 24

**CONCLUDING CHARGES** ...........................................................................**26**

I.  Right to Request Exhibits or Have Testimony Read.............................26

II.  Notes ...........................................................................................27

III.  Verdict Form..................................................................................28

IV.  Duty to Deliberate/Unanimous Verdict................................................29

V.  Duties of Foreperson........................................................................30

VI.  Text ...............................................................................................30

VII.  Return of Verdict ...........................................................................31

**CONCLUSION** .........................................................................................**31**

## GENERAL INTRODUCTORY CHARGES

### I.   Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

### II.   Role of the Court

It has been my duty to preside over the trial and to decide what testimony and evidence was relevant, under the law, for you to consider.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own ideas of what the law is or ought to be.

You are not to infer from any of my questions or rulings or anything else I have said or done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

I will give you the typed text of these instructions for your use in the jury room. It is possible that there is a slight variance between the words I have spoken and the typed text that I will give you. The words I have spoken control over the typed text.

## III.   Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them. You determine the weight of the evidence.

You have taken the oath as jurors and it is your sworn duty to determine the facts and to follow the law as I give it to you.

## IV.   Conduct of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that an attorney objected to any evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection.

From time to time, the lawyers and I had sidebar conferences and other conferences out of your hearing. These conferences involved procedural and

other matters, and none of the events relating to these conferences should enter into your deliberations at all.

### V.   <u>Sympathy or Bias</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider any personal feelings you may have about a party's race, religion, national origin, sex, or age. The parties in this case are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Similarly, under your oath as jurors, you are not to be swayed by sympathy. Once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a just and true verdict. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

### VI.   <u>All Persons Equal before the Law</u>

This case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. The defendant is not to be favored or disfavored because he is an employee of the New York City Police Department, nor is the plaintiff to be favored or disfavored because of her status. All parties are entitled to the same fair

trial at your hands.  They stand equal before the law and are to be dealt with as equals in this court.

## VII.   **Burden of Proof**

In a civil case such as this, the party with the burden of proof must prove all the elements of the claim or defense by a preponderance of the evidence.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If, after considering all of the testimony, you are satisfied that the side bearing the burden of proof has carried the burden on each essential point as to which it has the burden of proof, then you must find in that side's favor on that issue.  If after such consideration you find that the credible evidence on a given issue is evenly divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—or that the evidence produced by one party is outweighed by evidence against his or her claim, then you must decide

that issue against that party. That is because the side bearing the burden of proof must prove more than simple equality of evidence—that side must prove each element of the claim by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party bearing the burden of proof—that what he or she claims is more likely true than not—then the element will have been proven by a preponderance of evidence.

## VIII.  <u>What Is and Is Not Evidence</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received into evidence, and the stipulations made by the parties. You may also consider prior inconsistent testimony of a witness given under oath at a deposition as evidence.

By contrast, the questions of a lawyer are not evidence. It is the witnesses' answers that are evidence, not the questions.

Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict. If I have instructed you that evidence is received for only a limited purpose, then it may be considered only for that limited purpose.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What the lawyers have said to you in their opening statements and in

their summations is intended to help you understand the evidence. If, however, your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

Any statements that I may have made during the trial do not constitute evidence.

To constitute evidence, exhibits must first be admitted or received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## IX. **Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your verdict.

One type is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. Let me give you an example to help you understand what is meant by circumstantial evidence.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume further that the courtroom windows were covered and you could not look outside.  As you were sitting here, assume that someone walked in with an umbrella, which was dripping wet.  Then, a few minutes later, another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer, on the basis of reason and experience and common sense from one established fact, the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  As a general rule, the law makes no distinction between direct evidence and circumstantial evidence.  It simply requires that your verdict must be based on all the evidence presented.

## X.   Not All Evidence Is Introduced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at the trial.  Nor does the

law require any party to produce as exhibits all papers and things mentioned in the

evidence in the case.  I instruct you that you are not to speculate as to why any of

the parties did not call certain witnesses or produce certain exhibits.

## XI.    <u>Witness Credibility</u>

You have had the opportunity to observe all of the witnesses.  It is

now your job to decide how believable each witness was in his or her testimony.

You are the sole judges of the credibility of each witness and of the importance of

his or her testimony.

You should carefully scrutinize all of the testimony of each witness,

the circumstances under which each witness testified, the impression the witness

made when testifying, and any other matter in evidence that may help you decide

the truth and the importance of each witness's testimony.

In other words, in assessing credibility, you may size a witness up in

light of his or her demeanor, the explanations given, and all of the other evidence

in the case.  In making your credibility determinations, use your common sense,

your good judgment, and your everyday experiences in life.

If you believe that a witness knowingly testified falsely concerning

any important matter, whether at trial or in a prior proceeding, you may distrust the

witness's testimony concerning other matters.  You may reject all of the testimony

or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

## XII.     **Prior Inconsistent Statements**

You have heard evidence that, at some earlier time, witnesses have said or done something that counsel argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if

so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.

Certain prior testimony was presented in the examination of witnesses as a prior inconsistent statement given under oath at a deposition. This deposition testimony is evidence and may be considered by you.

## XIII.    Bias of Witnesses

In deciding whether to believe a witness, you may take account of the fact that a witness is a party to the lawsuit. You may also take into consideration any evidence of hostility or affection that the witnesses may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence that a witness or party may benefit in some way from the outcome of the case.

It is your duty to consider whether the witness has permitted any bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the

other considerations mentioned whether the possible interest of any witness or of any party has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness. You may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal, state, or local government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses, and to give that testimony whatever weight, if any, you find it deserves.

## XIV.   **Redaction of Evidence**

Among the exhibits in evidence, some documents are redacted. "Redacted" means that part of the document was covered. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been covered.

## XV.   **Stipulations**

In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is

true. You must regard such agreed-upon facts as true. The weight or importance of the fact is a matter for you, the jury, to decide.

## XVI.    **Ignore External Sources of Information**

I instruct you that anything you may have seen or heard about this case outside the courtroom is not evidence and must be disregarded. Indeed, as I have instructed you throughout this case, you may not read, view, or listen to any media or press report or internet or social media posting about this case or about the people, companies, or issues referred to during this trial. Your verdict must be based solely on the evidence or lack of evidence that came out in this Courtroom and the Court's instructions on the law.

## THE SUBSTANTIVE CLAIMS

With these instructions in mind, let us turn to the substantive law to be applied to this case. First, the plaintiff, Phoenix Feeley, claims that she was deprived of her constitutional right under the Fourteenth Amendment to be free from the unlawful use of excessive force. Second, she claims that she was deprived of her constitutional right under the First Amendment to be free from retaliation for engaging in protected speech. Officer Jurena denies these claims.

## I.    **Unlawful Excessive Force and Unlawful Retaliation**

There are three essential elements for both of plaintiff's claims that she must prove by a preponderance of the evidence:

First, Ms. Feeley must prove that the acts complained of were committed by Officer Jurena while he was acting under color of state law;

Second, Ms. Feeley must prove that Officer Jurena acted intentionally or recklessly and that those acts deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

Third, Ms. Feeley must prove that Officer Jurena's acts were the proximate cause of the injuries she sustained.

I will now examine each of the three elements.

## A. First Element: "Under Color of State Law"

Whether Officer Jurena committed an act is a question of fact for you, the jury, to decide.  Assuming that Officer Jurena did commit those acts, I instruct you that because he purported to be acting in his capacity as a member of the New York City Police Department at the time of the acts in question, he was acting under color of state law.

Therefore, if Officer Jurena committed the acts alleged, the first element of Ms. Feeley's claims is satisfied, and you need not deliberate upon it.

## B. Second Element: "Deprivation of Constitutional Right"

The second element of the plaintiff's claims is that Officer Jurena committed acts, intentionally or recklessly, that deprived the plaintiff of a federal constitutional right.  In order for the plaintiff to establish this second element, she

must show that those acts that you have found the defendant took under color of state law caused her to suffer the loss of a federal right and that in performing those acts, the defendant acted intentionally or recklessly.

### 1. Deprivation of a Constitutional Right

Ms. Feeley has alleged that Officer Jurena deprived her of her right to be free from excessive force under the Fourteenth Amendment and the right to be free from retaliation for protected speech under the First Amendment. I will instruct you on each alleged deprivation in turn.

### a. Use of Excessive Force

Force used by a police officer is excessive within the meaning of the Fourteenth Amendment if it shocks your conscience as a jury. If you find that Officer Jurena used force upon Ms. Feeley, then, in considering whether Officer Jurena's use of force against Ms. Feeley shocks your conscience—and is, therefore, excessive—you should consider the following four factors:

(1) the need for the application of force,

(2) the relationship between the need and the amount of force that was used,

(3) the extent of injury inflicted, and

(4) whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

These are simply factors for you to consider in making your determination. None of these factors should be considered to be determinative. If you consider these four factors and conclude that Ms. Feeley has proven by a preponderance of the evidence that Officer Jurena's actions were so egregious, so offensive as to shock the conscience of you, the jury, then you must find that Ms. Feeley established this part of her claim. However, if you consider these four factors and conclude that Ms. Feeley has not proven by a preponderance of the evidence that Officer Jurena's actions shock the conscience, then you must find for Officer Jurena on Ms. Feeley's excessive force claim because she has not proven this essential element of her excessive force claim.

### b. Retaliation

To prevail on her First Amendment retaliation claim, Ms. Feeley must show by a preponderance of the evidence that:

(1) she has a right protected by the First Amendment;

(2) Officer Jurena's actions were motivated or substantially caused by her exercise of that right; and

(3) Officer Jurena's actions caused her some injury.

The elements I have just listed are not merely factors to be considered in making your decision but rather requirements that must be met in order for you to find in favor of Ms. Feeley.  With respect to the first requirement of this claim, I instruct you that criticism of the police, whether done politely or done rudely and in an insulting manner, is protected speech under the First Amendment.

If Ms. Feeley has established the first requirement, then you must consider whether Ms. Feeley's exercise of her First Amendment right motivated or substantially caused Officer Jurena's actions.  In assessing whether there is the requisite causal connection, you should consider the totality of the circumstances, drawing reasonable inferences concerning Officer Jurena's motives.

Finally, to prove the third requirement of this claim, Ms. Feeley must show either that her speech was adversely affected by Officer Jurena's actions or that she suffered some other concrete harm, such as a physical injury resulting from the alleged retaliatory act.  The parking ticket Officer Jurena issued, however, is not an injury that can satisfy this requirement of her First Amendment claim.

## 2. Intentional or Reckless Action

To prove the second essential element of her claims, Ms. Feeley must not only show that Officer Jurena's acts deprived her of a right but also that he committed those acts intentionally or recklessly.  To prove this part of her claims, Ms. Feeley need not show that Officer Jurena intended to cause injury to Ms.

Feeley.  Nor need she prove that he was reckless in believing that no injury to Ms.

Feeley would result.  Rather, she must prove that Officer Jurena intentionally or

recklessly committed an act or acts that deprived Ms. Feeley of a constitutional

right.

    An act is intentional if it is done voluntarily and deliberately and not

because of mistake, accident, negligence or other innocent reason.  Please note that

intent can be proved directly or it can be proved by reasonable inference from

circumstantial evidence.

    An act is reckless if it is done in conscious disregard of its known

probable consequences.  Stated another way, even if Officer Jurena did not act

intentionally, if he nevertheless purposely disregarded the high probability of the

consequences of his actions, then the second essential element would be satisfied.

But if you find that his actions were merely negligent, then, even if you find that

Ms. Feeley was injured as a result of those acts, you must return a verdict for

Officer Jurena.

### C. Third Element: "Proximate Cause"

    The third element plaintiff must prove for each of her claims is that

the defendant's acts were a proximate cause of the injuries she sustained.  An act is

a proximate cause of an injury if the act was a substantial factor in bringing about

that injury and if an injury was a reasonably foreseeable consequence of the

defendant's act.  In other words, if Officer Jurena's acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.  Officer Jurena is not liable if Ms. Feeley's injury was caused by a new or independent source that intervenes between the acts or omissions of Officer Jurena and the injury and that produces a result that was not reasonably foreseeable by Officer Jurena.

## II. **Damages**

If you find that Ms. Feeley has met her burden of proof with respect to a claim—that is, that Ms. Feeley has proven one or more of her claims against Officer Jurena by a preponderance of the evidence—then you must consider the issue of damages.  The fact that I am giving you instructions on damages, however, should not be considered as an indication of any view of mine on what your verdict should be.  Rather, instructions on damages are given only so that you will have them in the event that you should find in favor of the plaintiff on any question of liability.

If your verdict is in favor of the plaintiff, whether or not income taxes will be paid on any portion of the award is not part of your consideration. You must not add to the award, nor subtract from the award, on account of income taxes. Additionally, in the event that you find that damages should be awarded, you should not take into consideration attorney's fees or costs, which will be decided by the Court.

I have two more cautionary instructions before I define the types of damages you may award if you find that the plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if the plaintiff were to prevail on two claims and establish an injury worth a certain amount, you could not award her that certain amount of compensatory damages on each claim—she is entitled only to be made whole again, not to recover more than she lost. Of course, if different injuries are attributed to the separate claims, then you must compensate her fully for all of the injuries.

There are three types of damages that you may consider: compensatory damages, nominal damages, and punitive damages. I will discuss each in turn.

## A. Compensatory Damages

If you return a verdict for Ms. Feeley, then you must first award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct consequence of Officer Jurena's conduct.  Compensatory damages seek to make a plaintiff whole—that is, to compensate him or her for the damage suffered.  Compensatory damages are not only for expenses that a plaintiff may have borne.  A prevailing plaintiff is entitled to compensatory damages for physical injury, pain and suffering, emotional and mental anguish, and shock and discomfort that he or she has suffered because of the defendant's conduct.

The law does not require a plaintiff to prove the amount of her losses with mathematical precision.  I cannot give you a yardstick by which to measure the dollar amount of pain or injury.  You heard Ms. Feeley's testimony and the testimony of the other witnesses, and you have seen the documentary evidence concerning damages.  If you award compensatory damages, you will have to determine, based on your common sense and experience, the amount of money that will fairly and reasonably make plaintiff whole or compensate her for the injuries and pain and suffering that she sustained, and may continue to sustain, as a consequence of any acts that violated her rights.

You are to use your sound discretion in fixing an award of compensatory damages, drawing all reasonable inferences where you deem appropriate from the facts and circumstances in evidence. In sum, your award of compensatory damages should reasonably compensate plaintiff for such injury and damage as you find that plaintiff has sustained or is reasonably likely to sustain in the future.

### B. Nominal Damages

Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury. If you return a verdict in the plaintiff's favor on a claim but find that she failed to meet her burden of proving by a preponderance of the credible evidence that she suffered any actual injuries for that claim, then you must return an award of damages for that claim in some nominal or token amount, not to exceed the sum of one dollar.

### C. Punitive Damages

If you find that Ms. Feeley's rights have been violated, then you have the discretion to award punitive damages to punish Officer Jurena for extreme or outrageous conduct, or to deter or prevent Officer Jurena and others like him from committing such conduct in the future. You may award punitive damages as a separate award in addition to compensatory or nominal damages.

You may award the plaintiff punitive damages only if you find that the acts or omissions of Officer Jurena were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill-will or spite towards the injured person. An act or failure to act is wanton if it is done with a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that Officer Jurena acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that Officer Jurena acted with malicious intent to violate the plaintiff's federal rights, or if you find that Officer Jurena acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter the defendant and others from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of compensatory damages only or whether the conduct is so

extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct.  You should also consider whether compensatory damages standing alone are likely to deter or prevent the defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendant may have committed.

If you decide to award punitive damages, these considerations should guide you in determining the appropriate sum of money to be awarded as punitive damages.  That is, in fixing the sum to be awarded, you should consider the degree to which Officer Jurena should be punished for his wrongful conduct and the degree to which an award of one sum or another will deter Officer Jurena or others from committing such wrongful acts in the future.

**CONCLUDING CHARGES**

**I.**   **Right to Request Exhibits or Have Testimony Read**

You are about to go into the jury room to begin your deliberations.  I will allow the exhibits actually received into evidence to go with you into the jury room.

If you want any of the testimony read, please send out a note specifying what you want to hear, and we will bring you back to the Courtroom to

read it back for you.  Please be as specific as you possibly can in requesting

exhibits or portions of the testimony.  If you want any further explanation of the

law as I have explained it to you, you may also request that.

Your requests for testimony—in fact, any communications with the

Court—should be made to me in writing, signed by your foreperson, and given to

the Deputy Marshal.  In any event, do not tell me or anyone else how the jury

stands on any issue—in other words, what the vote is—until after a unanimous

verdict is reached.

## II.   Notes

Some of you have taken notes periodically throughout this trial.  I

want to emphasize to you, as you are about to begin your deliberations, that notes

are simply an aid to memory.  Notes that any of you may have made may not be

given any greater weight or influence in determination of the case than the

recollections or impressions of other jurors, whether from notes or memory, with

respect to the evidence presented or what conclusions, if any, should be drawn

from such evidence.  Any difference between a juror's recollection and another

juror's notes should be settled by asking to have the court reporter read back the

transcript, for it is the court record rather than any juror's notes upon which the

jury must base its determination of the facts and its verdict.

### III.   Verdict Form

I have prepared a verdict form for you to use in recording your decisions. Remember, each verdict must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

I will now ask the Clerk to hand out the verdict form in this case. When you answer the questions on the verdict form, you are to answer them based on the facts that you find pursuant to the instructions on the law that I have given you. You will note that on the verdict sheet, there are 5 questions. Question 1 asks, "Has plaintiff proven by a preponderance of the evidence her excessive force claim against defendant Michael Jurena?" If your answer to that question is "yes," then you should proceed to the next question. If your answer to that question is "no," then you should not answer Question 2. In either case, you must answer Question 3, which asks, "Has plaintiff proven by a preponderance of the evidence her First Amendment retaliation claim against defendant Michael Jurena?" If your answer to Question 3 is "no," and your answer to Question 1 was "no," then your foreperson should sign, date, and return the verdict in an envelope to the Deputy Marshal; you should not answer any of the other questions. But if you answer

"yes" to Question 3, proceed to Question 4.  Finally, if you answer "no" to

Question 3, but you answered "yes" to Question 1, proceed to Question 5.

On all questions, the plaintiff bears the burden of proving each

element by the preponderance of the evidence, a term I have already defined.

## IV.   Duty to Deliberate/Unanimous Verdict

In a few moments, you will retire to decide the case.  It is your duty as

jurors to consult with one another and to deliberate with a view to reaching an

agreement.  Each of you must decide the case for himself or herself, but you should

do so only after a consideration of the case with your fellow jurors, and you should

not hesitate to change an opinion when convinced that it is erroneous.  Your

verdict must be unanimous, but you are not bound to surrender your honest

convictions concerning the effect or weight of the evidence for the mere purpose of

returning a verdict solely because of the opinion of other jurors.  Discuss and

weigh your respective opinions dispassionately, without regard to sympathy,

without regard to prejudice or favor for either party, and adopt the conclusion that

in your good conscience appears to be in accordance with the truth.

Please remember, you are not partisans.  You are judges—judges of

the facts—not representatives of a constituency or cause.  Your sole interest is to

seek the truth from the evidence in this case.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict. If, at any point, you find yourselves divided, do not inform the Court of how the jurors are split. Once you have reached a verdict, do not announce what that verdict is until I ask you to do so in the Courtroom.

## V.   **Duties of Foreperson**

Once you get into the jury room, you must select a foreperson who will be responsible for signing all communications to the Court on behalf of the jury and for handing them to the Deputy Marshal during your deliberations. This should not be understood to mean that an individual cannot send the Court a note should the foreperson refuse to do so.

## VI.   **Text**

As I previously stated, I will give you the typed text of these instructions for your use in the jury room. It is possible that there is a slight variance between the words I have spoken and the typed text that I will give you. The words I have spoken control over the typed text.

## VII.   Return of Verdict

After you have reached a verdict, your foreperson will fill in one original of the verdict form, sign and date it, and advise the Deputy Marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in Court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Finally, let me state that your oath sums up your duty and that is: without fear or favor to anyone, you will well and truly try the issues, based solely upon the evidence and this Court's instruction as to the law.

## CONCLUSION

Members of the jury, that concludes my instructions to you.  I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement.

In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.

* * * * *

Members of the jury, you may now retire to deliberate.