UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YOTAM MAROM AND MIRIAM ROCEK,

                *Plaintiffs*,

    -against-

NYPD SERGEANT FIOR BLANCO, NYPD LEGAL
BUREAU LIEUTENANT DANIEL ALBANO,
NYPD LEGAL BUREAU DETECTIVE KENNETH
O'DONNELL, NYPD OFFICER MICHAEL
GALGANO, SHIELD NO. 2671, NYPD OFFICER
CYNTHIA BOYLE, SHIELD 06663,

                *Defendants*.

------------------------------------------------------------------X

15 CV 2017 (PKC)(SN)

---

## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*

---

Gideon Orion Oliver
*Attorney for Plaintiff*
Miriam Rocek
277 Broadway, Suite 1501
New York, NY 10007
Tel: (646) 263-3495
Fax: (646) 349-2914
Email: gideon@gideonlaw.com

Jessica Massimi
*Attorney for Plaintiff*
Miriam Rocek
99 Wall Street, Suite 1264
New York, NY 10005
jessica.massimi@gmail.com
646-241-9800

# TABLE OF CONTENTS

Table of Contents ........................................................................................................... ii

Table of Authorities ..................................................................................................... iv

Introduction .................................................................................................................. 1

    I.    THE COURT SHOULD PRECLUDE THE DEFENDANTS FROM DEPICTING ROCEK AS A CRIMINAL CHARACTER BY PRESENTING TO THE JURY INFORMATION ABOUT PRIOR ARRESTS, DETENTIONS OR OTHER CONTACTS WITH LAW ENFORCEMENT .................................................................................. 1

    II.    THE COURT SHOULD PRECLUDE DEFENDANTS FROM ELICITING EVIDENCE ABOUT PLAINTIFF'S PRIOR CONTACTS WITH POLICE OR LAW ENFORCEMENT UNDER FED. R. EVID. 402 AND 403 ........................................................................ 4

    III.    THE COURT SHOULD PRECLUDE DEFENDANTS FROM INQUIRING INTO PLAINTIFF'S PRIOR CONDUCT AT OTHER DEMONSTRATIONS OR PROTESTS ........ 5

    IV.    THE COURT SHOULD PRECLUDE THE DEFENDANTS FROM REFERRING TO OR INQUIRING ABOUT PLAINTIFF'S POLITICAL OR SOCIAL BELIEFS, OR HER OPINIONS REGARDING OCCUPY WALL STREET ............................................................ 5

    V.    THE COURT SHOULD PRECLUDE DEFENDANTS FROM REFERENCEING CERTAIN SOCIAL MEDIA POSTINGS DISCLOSED BY PLAINTIFF ................................. 5

    VI.    THE COURT SHOULD PRECLUDE DEFENDANTS FROM REFERING TO ROCEK'S PRIOR CIVIL LAWSUITS OR SETTLEMENTS ....................................................... 7

    VII.    THE COURT SHOULD PRECLUDE DEFENDANTS FROM MISLEADING THE JURY BY PRETENDING DEFENDANTS WILL NOT BE INDEMNIFIED FOR ANY DAMAGES AWARD ............................................................................................................. 8

    VIII.    IF THE COURT MIGHT PERMIT SPECIAL INTERROGATORIES, THE COURT SHOULD ORDER THE DEFENDANTS TO PROVIDE PROPOSED SPECIAL INTERROGATORIES BEFORE TRIAL STARTS .................................................................... 8

    IX.    THE COURT SHOULD PRECLUDE DEFENDANTS OR OTHER WITNESSES FROM TESTIFYING OR OTHERWISE PRESENTING DOCUMENTARY EVIDENCE OF MILITARY SERVICE, AWARDS OR COMMENDATIONS THEY RECEIVED DURING THE COURSE OF THEIR EMPLOYMENT AS LAW ENFORCEMENT OFFICERS. .......... 8

    X.    THE COURT SHOULD PERMIT PLAINTIFF TO EXAMINE NYPD-AFFILIATED WITNESSES THROUGH THE USE OF LEADING QUESTIONS. ....................................... 10

    XI.    THE COURT SHOULD PRECLUDE DEFENDANTS FROM REFERENCING PREVIOUSLY-DISMISSED CLAIMS, PARTIES, OR OTHER LAWSUITS STEMMING FROM THE SUBJECT INCIDENT ............................................................................. 10

    XII.    THE COURT SHOULD PRECLUDE DEFENDANTS FROM REFERENCING PLAINTIFF'S MENTAL HEALTH HISTORY ....................................................................... 10

    XIII.    THE COURT SHOULD PRECLUDE DEFENDANTS FROM INQUIRING INTO PLAINTIFF'S DRUG AND ALCOHOL USE ........................................................................ 10

Conclusion ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Banushi v. P.O. Palmer*,
No. 08 Civ. 2937 (KM), 2011 U.S. Dist. LEXIS 419 (E.D.N.Y. Jan. 4,
2011) ............................................................................................................................3

*Ellis v. City of New York*,
No. 06 Civ. 4827 (LTS) ...............................................................................................2

*Picciano v. McLoughlin*,
No. 07 Civ. 0781 (GTS), 2010 U.S. Dist. LEXIS 114704 (N.D.N.Y.
Oct. 28, 2010) .............................................................................................................3

*Schiller v. City of New York*,
No. 04 Civ. 7922 (KMK), 2006 U.S. Dist. LEXIS 88854 (S.D.N.Y.
Dec. 7, 2006) ...............................................................................................................2

*Sims v. Blot*,
534 F.3d 117 (2d. Cir. 2008) and Pl. MOL .................................................................4

*Wilson v. City of New York*,
No. 06 Civ. 229 (ARR) ............................................................................................2, 3

*Young v. Calhoun*,
No. 85 Civ. 7584, 1995 WL 169020 (S.D.N.Y., Apr. 10, 1995) .................................7

**Other Authorities**

Dkt. 192, "Pl. MOL" ..........................................................................................................1

Dkt. 200, "Def. Opp." .......................................................................................................2

Fed. R. Evid. 401 ..............................................................................................................9

Fed. R. Evid. 402, 403 ...................................................................................................1, 4

Rule 404(b) .......................................................................................................................6

Rule 611 ..........................................................................................................................10

Rule 611(c)(2) .................................................................................................................10

Rule 801(d)(2) ...................................................................................................................6

<u>**INTRODUCTION**</u>

Plaintiff Miriam Rocek respectfully requests that the Court grant her pre-trial motions *in limine* in this matter as set forth in her Memorandum of Law in support of Plaintiff's Motions *In Limine* (Dkt. 192, "Pl. MOL") and herein.

I.    **THE COURT SHOULD PRECLUDE THE DEFENDANTS FROM DEPICTING ROCEK AS A CRIMINAL CHARACTER BY PRESENTING TO THE JURY INFORMATION ABOUT PRIOR ARRESTS, DETENTIONS OR OTHER CONTACTS WITH LAW ENFORCEMENT**

The Court should preclude Defendants from trying to smear Rocek's character by depicting her as a criminal. Specifically, they should be prohibited from presenting to the jury information about prior arrests, detentions, or other contacts with law enforcement. Each category of evidence has no relevance to any issues in dispute and is extremely prejudicial. *See* Fed. R. Evid. 402, 403.

As explained in Point I of Pl. MOL, on January 5, 2017, Plaintiff testified at her deposition that she has been arrested three times prior to the incident which is the subject of this lawsuit. Plaintiff testified that she was first falsely arrested 11 years prior to her deposition in an incident involving Delaware law enforcement. Rocek was also arrested twice in 2011 in relation to Occupy Wall Street protests. No conviction resulted from any of Plaintiff's arrests. Indeed, Plaintiff filed lawsuits with regard to two of those three prior arrests, which resulted in monetary settlements to Plaintiff. This information should not be admitted at trial because it is irrelevant, prejudicial, and its admission would lead to waste of time and confusion of the jury.

Lumping together three important points in Plaintiff's motion *in limine* (Points I, II, II [sic] and VI)*,* Defendants hastily argue that the Court should not preclude evidence

of Plaintiff's arrest history, interactions with police, or evidence of prior lawsuits.[1] Defendants' Memorandum of Law in Opposition to Plaintiff's Motions *In Limine* (Dkt. 200, "Def. Opp.") at p. 2.

Defendants fail to address any of the controlling case law cited by the Plaintiff on these points, and instead cite cases which do not stand for the proposition – as alleged by the Defendants – that "one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained." Def. Opp at p. 2.

For example, the Defendants cite *Wilson v. City of New York*, No. 06 Civ. 229 (ARR); 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006), and *Schiller v. City of New York*, No. 04 Civ. 7922 (KMK), 2006 U.S. Dist. LEXIS 88854, AT *24-25 (S.D.N.Y. Dec. 7, 2006), but these were a decisions on discovery motions where the judges of course applied a different standard as to what was the proper subject of pre-trial discovery than the standard required here, as to what should be *admissible at trial*.

Defendants refer to *Ellis v. City of New York*, No. 06 Civ. 4827 (LTS), but do not provide a copy of this Order. In any event, Plaintiff's counsel has pulled this Order from ECF. This Order does not come close to standing for the blanket proposition argued by the Defendants. Instead, in that Order, Judge Swain stated that she was deciding several motions *in limine* in accordance with her comments on the record at a prior conference. The Defendants have not provided a copy of this transcript. Judge Swain's Order also concerned whether Defendants would be permitted to elicit testimony regarding prior violations and *felony convictions* with specific limitations. This decision most certainly

---

[1] Defendants do not offer any case law or argument whatsoever that it would be at all proper for them to inquire into or raise evidence regarding Plaintiff's prior, unrelated lawsuits (Pl. MOL at Point VI).

does not stand for the proposition – as Defendants claim – that "one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained." Def. Opp at page 2. Indeed, Plaintiff has never been convicted of a felony nor incarcerated in accordance with any felony conviction.

The Defendants cite *Banushi v. P.O. Palmer*, No. 08 Civ. 2937 (KM), 2011 U.S. Dist. LEXIS 419, at *7-9 (E.D.N.Y. Jan. 4, 2011), a case where the Court relied on *Wilson* (the discovery case cited above) for its determination that some information about the Plainitff's prior arrests and incarcerations should be admitted at trial with limitations. *Banushi* was a false arrest case that did not involve fair trial rights claims. Additionally, in *Banushi*, the trial was bifurcated and the Court ruled that this information would only come in on the damages phase.

Finally, without any discussion, the Defendants cite *Picciano v. McLoughlin*, No. 07 Civ. 0781 (GTS), 2010 U.S. Dist. LEXIS 114704, at *7 (N.D.N.Y. Oct. 28, 2010). *Picciano* – another false arrest case that did not involve any fair trial rights claim. Additionally, the Court decided to allow evidence of arrests that occurred after the allegedly false arrest at issue *only if* the plaintiff opened the door by testifying about fear of police officers in the wake of the arrest or that they had a desire to become a police officer before the arrest, which the arrest changed. None of those circumstances are present here.

Each of the above cases cited by the Defendants concerned discoverability or admissibility of, specifically, *prior arrests*. Defendants do not present any case law to support their argument that "plaintiff's March 17, 2012, [sic] detention and alleged damages must be placed in context for the jury through her . . . other experiences with

law enforcement and her other periods of detention shown in publicly-files [sic] lawsuits."

In sum, Defendants have cited absolutely no authority whatsoever to refute the long line of controlling case law provided by the Plaintiff in her motion *in limine*. Plaintiff therefore respectfully requests that the Court grant Plaintiff's motion *in limine* and preclude the Defendants from depicting Rocek as a criminal character by presenting to the jury information about prior arrests, detentions, or other contacts with law enforcement under Fed. R. Evid. 402 and 403 (Pl. MOL, Point I).

## II. THE COURT SHOULD PRECLUDE DEFENDANTS FROM ELICITING EVIDENCE ABOUT PLAINTIFF'S PRIOR CONTACTS WITH POLICE OR LAW ENFORCEMENT UNDER FED. R. EVID. 402 AND 403

Plaintiff is only seeking damages for loss of liberty; related reputational harm; related "garden-variety" emotional distress (*see, e.g, Sims v. Blot*, 534 F.3d 117 (2d. Cir. 2008) and Pl. MOL at Point XI); and punitive damages.

Plaintiff is not claiming any particularized diagnosis or event that would be mitigated or lessened by the fact that she had been detained, arrested, or prosecuted previously (related to arrests, detentions, or cases where charges were never brought or were dismissed).

Defendants submit what can only be charitably described as a cursory opposition to Plaintiff's motion *in limine* on this issue. In so doing, as noted above, the Defendants fail to address any of the controlling case law cited by the Plaintiff on these points, and instead cite cases which do not stand for the proposition – as alleged by the Defendants – that "one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained." Def. Opp at p. 2.

In light of the controlling and abundant case law cited by the Plaintiff in her motion *in limine*, the dearth of Defendants' controlling or factually similar cases, and the fact that Plaintiff has never been convicted of a felony – but rather has been arrested three times prior to this lawsuit, none of which resulted in convictions, and two of which gave rise to lawsuits which resulted in settlements to her – the Court should preclude the Defendants from inquiring into Plaintiff's prior and unrelated contacts with law enforcement.

**III.   THE COURT SHOULD PRECLUDE DEFENDANTS FROM INQUIRING INTO PLAINTIFF'S PRIOR CONDUCT AT OTHER DEMONSTRATIONS OR PROTESTS**

**IV.   THE COURT SHOULD PRECLUDE THE DEFENDANTS FROM REFERRING TO OR INQUIRING ABOUT PLAINTIFF'S POLITICAL OR SOCIAL BELIEFS, OR HER OPINIONS REGARDING OCCUPY WALL STREET**

The Defendants do not oppose the applications in Points III or IV of Plaintiff's motion.  Based on the case law and arguments set forth in Plaintiff's memorandum of law, Plaintiff respectfully requests that the Court grant the corresponding parts of her motion in limine.

**V.   THE COURT SHOULD PRECLUDE DEFENDANTS FROM REFERENCEING CERTAIN SOCIAL MEDIA POSTINGS DISCLOSED BY PLAINTIFF**

As seen in Pls' MOL at Point V, the Court should preclude Defendants from introducing as evidence, or referring to potentially inflammatory statements such as political comments and comments about the police contained within a document

consisting of certain Facebook posts disclosed by Plaintiff in discovery.[2] Notably, Defendants have not included this document as a potential exhibit in their portion of the Joint Proposed Pre-Trial Order.

Of course, some of the statements pointed to by Defendants in the document regarding the incident and/or damages might potentially be used to cross-examine Ms. Rocek if she testifies in a manner that is inconsistent with those statements.

Beyond that, although Defendants argue that the document and/or certain statements in it – Defendants' exact argument is unclear - are admissible "under Rule 404(b) to demonstrate her level of emotion [sic] distress and concern for reputational harm" (Ds' MOL at 3), they do not explain how or why or which statements might be admissible under Rule 404(b).

Additionally, even assuming, *arguendo*, that some statement or statements by Ms. Rocek contained in the document may be subject to admission as an "Opposing Party's Statement" under Rule 801(d)(2), Plaintiff's arguments in Pls' MOL at Point V that other statements containing inflammatory language and opinions from Plaintiff about law enforcement and the NYPD should never reach the jury stand. Notably, Defendants have not addressed any of those arguments.

---

[2] While Defendants assert that Ms. Rocek's Facebook page was not private, they provide no support for that assertion – and it is not true. In fact, Ms. Rocek's page was set to "private" – meaning the posts were available only to her "friends" - and the posts in question were only accessible to that private audience. True, Plaintiff's counsel did not designate the Facebook postings as "Confidential" in this matter under the Section 1983 Plan Protective Order. However, not everything that is private, and may be embarrassing, can be subject to withholding, redaction, or designation as "Confidential" in good faith under the Federal Rules of Civil Procedure. Whether the Facebook posts were produced as "Confidential" or not has nothing to do with whether the posts themselves, or statements – including potentially inflammatory statements - contained on them, should be admissible as evidence in the trial.

Finally, if the Court grants Defendants' application on this point, in whole or in part, or if the document (as opposed to an individual statement or statements) is to be shown to the jury, the Court should direct that all irrelevant, inadmissible, and/or prejudicial parts thereof, including any statements by non-parties; statements that are not relevant; and statements that are unduly prejudicial because of their potentially inflammatory nature, should be redacted.

## VI. THE COURT SHOULD PRECLUDE DEFENDANTS FROM REFERING TO ROCEK'S PRIOR CIVIL LAWSUITS OR SETTLEMENTS

As noted in Point I, above, the Defendants do not provide any case law or substantive argument to support their passing comment in their opposition that they should be entitled to inquire into Plaintiff's unrelated lawsuits.

As explained in Plaintiff's memorandum of law, Rocek testified at her deposition that she was falsely arrested more than decade ago in an incident involving Delaware law enforcement. Rocek also testified that she was arrested on or about September 24, 2011 in an Occupy Wall Street protest in New York. Both arrests served as the basis for two separate lawsuits for which Rocek ultimately received monetary settlements. Evidence of both prior lawsuits should be precluded at trial. Point VI of Pl. MOL sets forth citations to several controlling cases which, in sum, stand for the proposition that "[i]t is well-settled in this Circuit that evidence of a plaintiff's litigiousness 'may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant.'" *Young v. Calhoun*, No. 85 Civ. 7584, 1995 WL 169020, at *6 (S.D.N.Y., Apr. 10, 1995) (quoting *Outley v. City of N.Y.*, 837 F.2d 587, 592 (2d Cir. 1988)) (collecting authorities). In the absence of any proof whatsoever that Plaintiff's lawsuits have been baseless or fraudulent, there is no basis for their use at trial. *See*

*Young*, 1995 WL 169020, at *6 (prior lawsuits admissible only "if defendants can prove that plaintiff has made similar claims that were found to be fraudulent"). Indeed, both prior lawsuits resulted in settlements to Plaintiff.

Your Honor applied this straightforward rule to exclude all evidence and testimony concerning other lawsuits filed by the Plaintiff in *Phoenix Feeley v. City of New York, et al.*, 15 CV 8349 (PKC). Exhibit 1, Transcript of Pre-Trial Hearing With *In Limine* Rulings, 2:9-8:8 (denying Defendants' request to admit evidence of Plaintiff's unrelated lawsuits at trial). Plaintiff respectfully requests that the Court issue that same ruling here.

**VII. THE COURT SHOULD PRECLUDE DEFENDANTS FROM MISLEADING THE JURY BY PRETENDING DEFENDANTS WILL NOT BE INDEMNIFIED FOR ANY DAMAGES AWARD**

Plaintiff respectfully requests that the Court following its ruling in this connection in *Phoenix Feeley v. City of New York, et al.*, 15 CV 8349 (PKC). Exhibit 1, Transcript of Pre-Trial Hearing With *In Limine* Rulings ("Transcript"), 28:25-31:7. There, Your Honor stated that the Plaintiff would be permitted to elicit evidence of indemnification were the individual Defendants to "open the door."

**VIII. IF THE COURT MIGHT PERMIT SPECIAL INTERROGATORIES, THE COURT SHOULD ORDER THE DEFENDANTS TO PROVIDE PROPOSED SPECIAL INTERROGATORIES BEFORE TRIAL STARTS**

The Defendants do not oppose this section of Plaintiff's motion. Based on the arguments set forth in Plaintiff's memorandum of law, Plaintiff respectfully requests that the Court grant this part of her motion *in limine.*

**IX. THE COURT SHOULD PRECLUDE DEFENDANTS OR OTHER WITNESSES FROM TESTIFYING OR OTHERWISE PRESENTING DOCUMENTARY EVIDENCE OF MILITARY SERVICE, AWARDS OR COMMENDATIONS THEY RECEIVED DURING THE COURSE OF THEIR EMPLOYMENT AS LAW ENFORCEMENT OFFICERS.**

To the extent the Defendants do not oppose this section of Plaintiff's motion, based on the case law and arguments set forth in Plaintiff's memorandum of law, Plaintiff respectfully requests that the Court grant this part of her motion *in limine*.

To the extent Defendants appear to ask the Court to preclude Plaintiff from testifying about any of her community or civic service ("should the Court grant the plaintiff's first point, defendant would respectfully request that the Court extend such limitation to both parties so that any testimony concerning the plaintiff's awards, commendations, or related testimony also be precluded"), this Court should deny that application with respect to plaintiff's community or civil service related to her acting as a medic and/or Emergency Medical Technician ("EMT"), including during Occupy Wall Street and on the date of the incident. Plaintiff was acting as a volunteer medic when she attended the protest in question and when she was arrested. Her role as a medic informed her decisions to attend the protest as well as not to leave Zuccotti Park and to link arms before she was arrested. Additionally, Ms. Rocek's roles as a volunteer medic and as an EMT, including her volunteer experiences during Occupy Wall Street, are necessary background for the jury to understand Ms. Rocek's damages with respect to her fears that a misdemeanor criminal conviction would negatively impact her reputation and lessen her chances of pursuing further medical training, education, and/or licensure.

Finally, Defendants appear to oppose the motion to the extent that they seek to admit evidence of two Defendants' prior and/or current military service as "pedigree information" – presumably under the theory that such information would be admissible as general background information under F.R.Evid. 401. To the extent that this Court has wide latitude to admit such testimony or not, for the reasons set forth in Point IX of the

Pl. MOL, including because its admission is not relevant and would constitute impermissible character evidence.

## X.   THE COURT SHOULD PERMIT PLAINTIFF TO EXAMINE NYPD-AFFILIATED WITNESSES THROUGH THE USE OF LEADING QUESTIONS.

The Defendants once again have offered no case law at all to refute the controlling case law and substantive arguments set forth in Plaintiff's memorandum of law in support of her motions *in limine*.  Instead, providing only their personal view, Defendants ignore the plain text of Rule 611 which does not limit "leading questions" to only "hostile witnesses," but also permits leading questions of "witness[es] identified with an adverse party." Moreover, despite Defendants' statements to the contrary, the NYPD officers whom Plaintiff intends to call as witnesses are clearly "identified with an adverse party" within the meaning of Rule 611(c)(2). Thus, given the plain text of Rule 611, Plaintiff's arguments, and Defendants' lack of case law on this topic, Plaintiff respectfully requests that the Court grant this aspect of Plaintiff's motion *in limine.*

## XI.   THE COURT SHOULD PRECLUDE DEFENDANTS FROM REFERENCING PREVIOUSLY-DISMISSED CLAIMS, PARTIES, OR OTHER LAWSUITS STEMMING FROM THE SUBJECT INCIDENT

## XII.   THE COURT SHOULD PRECLUDE DEFENDANTS FROM REFERENCING PLAINTIFF'S MENTAL HEALTH HISTORY

## XIII.   THE COURT SHOULD PRECLUDE DEFENDANTS FROM INQUIRING INTO PLAINTIFF'S DRUG AND ALCOHOL USE

The Defendants do not oppose the applications in Points XI-XIII of Plaintiff's motion.  Based on the case law and arguments set forth in Plaintiff's memorandum of

law, Plaintiff respectfully requests that the Court grant the corresponding parts of her motion *in limine*.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motions *in limine* in their entirety.

/S/

_____
Gideon Orion Oliver
*Attorney for Plaintiff*
Miriam Rocek
277 Broadway, Suite 1501
New York, NY 10007
Tel: (646) 263-3495
Fax: (646) 349-2914
Email: gideon@gideonlaw.com

/S/

_____
Jessica Massimi
*Attorney for Plaintiff*
Miriam Rocek
99 Wall Street, Suite 1264
New York, NY 10005
jessica.massimi@gmail.com
646-241-9800